## BOATNER *vs.* WALKER.

APPEAL FROM THE COURT OF THE THIRD JUDICIAL DISTRICT FOR THE PARISH OF EAST FELICIANA, THE LATE JUDGE OF THE DISTRICT PRESIDING.

The confirmation of a title to a tract of land by an act of congress, will be considered as equivalent to a patent, and must be regarded as the best title, unless it is shown that the adverse party had a prior title *out of the government*.

So where the plaintiff claims under a commissioner's certificate in favor of an actual settler, followed by an order of survey, and an actual survey and location approved by the surveyor general, and the defendant holds

under a government donation and possession since 1802, and confirma- Eastern Dist.
tion by an act of congress in 1830 : *Held*, that the plaintiff's title, with- *February*, 1838.
out. a patent ought not to prevail over the ·title confirmed to the
defendant by the special act of congress.

BOATNER
*vs.*
WALKER.

This suit is in the nature of a petitory action, in which the plaintiff claims title to six hundred and fourteen acres of land, which, he alleges, the defendant has entered upon, taken possession of, and is cultivating and raising crops thereon.

The plaintiff alleges he has a good title to the premises, in virtue of several acts of congress, relative to the settlement and adjustment of land claims in the Florida section of Louisiana ; that his assignor resided on this land at and before the 15th April, 1813, and to whom a commissioner's certificate was granted as an actual settler ; that an order of survey was issued, and the land actually surveyed and located ; and every pre-requisite made for a patent to issue. .

The petition further states, that one Jeremiah Walker has settled upon this land, and has cleared and cultivated .a portion of it, and to which he claims ' title.· Judgment decreeing the land to belong to the plaintiff is prayed for, and a writ of possession to the same.

The defendant pleaded a general denial, and further avers, that he is the true owner of the land in controversy ; that in 1802, one Thomas Smith settled upon the same, with the written permission of the proper officer of the Spanish government, and that since the change of government, he was permitted to become the occupant and owner thereof in virtue of his settlement; that Smith sold his right to Silli-man, and he to one Asa White, who sold to the defendant. He further avers, that Smith was in possession of said land on the 15th day of April, 1813 ; that he was entitled to a commissioner's· certificate in pursuance of the 3d section of the act of congress of 1819, making provision for granting certificates of donations to actual settlers, but the land officer at St. Helena had failed to give one.

In an ·amended answer, the defendant shows a special act of congress passed the 29th May, 1830, confirming his

title. He further pleads the prescription of ten and twenty years.

Upon these pleadings and issues the case was tried before the court and a jury.

The evidence corresponded mainly with the pleadings and issues. The jury returned a verdict for the plaintiff, and from judgment thereon the defendant appealed.

*Lawson*, for the plaintiff, contended, that the plea of prescription of ten years could not avail the defendant, because he was not a possessor in good faith. He knew of the plaintiff's claim to the land in his possession, and was a possessor in bad faith. *Morand's Heirs* vs. *Mayor of New-Orleans*. 5 *Louisiana Reports*, 226, 240-2-6.

2. The act of congress of 1819, cannot avail the defendant, for the 8th section provides, that any person or his legal representatives, etc., shall be entitled to a grant for the land so claimed or settled, as a donation. This grant or donation is made to depend upon the fact, that the certificate has been fairly obtained according to the true intent and meaning of the act; then and in that case only, a patent shall be issued in like manner as for other lands of the United States. *Land Laws*, 75, 759.

3. This grant or donation is made to depend on the fact that, the certificate is fairly obtained, and the defendant had no certificate. He tried in vain to procure one, and on failure the act of congress was procured to be passed.

4. But this special act of congress cannot avail the defendant. The plaintiff acquired a right to the property by the acts of congress of April, 1813, 1819 and 1822. It is true an absolute title was not granted, but an equitable title was given, depending on a condition, which, when fulfilled, makes the title absolute. The condition is equally binding on both grantor and grantee.

*Muse*, for the defendant, insisted, that the special act of congress, giving to the defendant a definite tract of land as a donation to actual settlers, conferred a sufficient and com-

plete title, superior to that of the plaintiff. 8 *Martin,*
*N. S.*, 644.

2. The decision of the commissioners on defendant's claim was not final, but left his claim open to be acted on by the government, and it was confirmed by the act of Congress in 1830.

3. The title of the defendant, derived from Smith through Silliman and White, is sufficient to hold by the prescription of ten years. The defendant's title is therefore good and valid, and the judgment must be ultimately for him.

*Bullard, J.*, delivered the opinion of the court.

The plaintiff asserts title to a tract of land, a part of which is alleged to be in possession of the defendant. The evidence of title which he exhibits, consists of a certificate of the commissioners for the adjustment of land titles in the territory east of the island of Orleans, in favor of an actual settler, followed by an order of survey, granted by the register and receiver, and an actual survey and location approved by the surveyor general.

The defendant sets up title to the premises in dispute, under one Smith, who, he alleges was a settler, entitled to a donation from the government of the United States, who sold his claim to Silliman, and the latter to White, who conveyed the same to the defendant. He alleges, that he and those from and through whom he holds, have been in possession since 1802.

In an amended answer, the defendant sets up a confirmation of his claim by a special act of Congress, passed since the institution of this suit. He further pleads prescription.

The plaintiff had a verdict and judgment in his favor, and the defendant appealed.

The act of congress of the 29th May, 1830, confirms the claim of the defendant to a tract of land, not exceeding six hundred and forty acres " it being the place settled by Thomas Smith, and transferred by him to Silliman, by Silliman to White, and by White to Walker." It covers all the land purchased by the defendant from White, and as the

*The confirmation of a title to a tract of land by an act of congress, will be considered as equivalent to a patent, and must be regarded as the best title, unless it is shown that the adverse party had a prior title out of the government.*

74

sovereign is unlimited as to the mode of granting, this confirmation must be considered as equivalent to a patent. It must, therefore, be regarded as the best title to the disputed premises, unless it can be shown that the plaintiff had a prior title out of the government.

It appears in evidence, that the parties had had a controversy before the register and receiver, in relation to their respective claims. Those officers do not appear to have decided finally upon Smith's claim. They regard it as a neglected one, yet to be acted upon by the government. They say in their decision, that "as defective as the claim of Dr. Walker appears to us to be, we could not without great injustice, run his claim into another's survey, before a final decision is had thereon by government." It is true they order the plaintiff's claim to be surveyed without regard to a provisional, or as it is called a conditional line between the parties, called in the record the Dutton line, but they direct in their order of survey, "that the southern boundary be left for the present open, until the claim of Dr. Walker be finally decided on." The surveyor general certifies in a note to his *procés verbal*, that the order of survey required him to designate the line said to have been made between the claims of Boatner and Dr. Walker, so that the same can be laid down on the connected township plat, but that the diagram furnished by him does not show it.

The plaintiff has not yet received a patent for the land claimed by him, and his title, in our opinion, ought not to prevail over the title conferred on the defendant by the special act of congress. The record does not show to what precise extent the two claims conflict, but we are of opinion that the defendant has exhibited the best title to all the land purchased by him from White, and described in his conveyance; and as the plaintiff does not show that he, the defendant, is in possession of any other land, judgment must be entered in his favor.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be reversed, and the verdict set aside, and that ours be for the defendant, with costs in both courts.

So, where the plaintiff claims under a commissioner's certificate in favor of an actual settler, followed by an order of survey, and an actual survey and location approved by the surveyor general, and the defendant holds under a government donation, and possession since 1802, and confirmation by an act of congress in 1830: *Held*, that the plaintiff's title without a patent, ought not to prevail over the title confirmed to the defendant by the special act of congress.