LEWIS<br>v.<br>SPLANE.

---

## HAYDEL v. BATEMAN.

Where an action, as shown by the original petition, is neither petitory nor possessory, the plaintiff may amend his petition so as to make it clearly petitory.

A third person, who claims to be the owner of the land in controversy in a petitory action, has a right to intervene, and try his title in the suit, provided he call no other parties in warranty, nor in any other way arrest the progress of the litigation.

APPEAL from the District Court of St. Mary, *Boyce,* J.

*Oilivier,* for the plaintiff.  The amendment was properly allowed.  *Hoover* v. *Richards,* 1 Rob. 35.  4 La. 400.  *Bauduc* v. *Domingon,* 8 Mart. N. S. 438.  *Petitpain* v. *Frey,* 15 La. 198.  Code Pr. 151.  The intervention of *Comeau* was properly rejected; because the decision of the matters between the plaintiff and defendant could not affect his rights.  In the case of *Pierre* v. *Massé,* the court held that, "it is not sufficient that the interpleader has claims to establish and enforce against plaintiff or defendant, to authorise an intervention; he must show that the decision of the matters at issue between them, will, or may, affect his rights."  The case of *Caraby* v. *Morgan,* 5 N. S. 501, is still more directly in point.  It was a possessory action.  The court said: "The ground on which a third party is permitted to come between plaintiffs and defendants is, that the action between them may be injurious to him.  His right is, therefore, limited to the suit pending; to see that it is correctly and legally decided."

*Splane,* for the appellants.  The amended petition should not have been received.  C. P. 419.  It changes the natuer of the action.  *Castalle* v. *Dumartrait,* 5 Mart. N. S. 69.  *Babcock* v. *Shirley,* 11 La. 75.  *Bell* v. *Williams,* 10 La. 516.  *Gasquet* v. *Johnson,* 1 La. 434.  *McRae* v. *McRae,* 11 La. 571.  *Bauduc* v. *Domingon,* 8 Mart. N. S. 438.  The intervention should have been received.  C. P. 389.  Stat. 7 April, 1826.  11 Mart. 455.  1 Mart. N. S. 499.  11 La. 449.  5 La. 486.  3 La. 183.  1 La. 431.

The judgment of the court was pronounced by

ROST, J.  This case presents questions of practice, in which we are invariably disposed to be governed by authority.  The action as originally commenced, was neither petitory nor possessory ; and, under the rule established by the Supreme Court in the case of *Hoover, tutor,* v. *Richards and wife,* 1 Rob. 35, the amendment which made the action clearly petitory was admissible.

The action being petitory, the intervention of *Comeau* should have been allowed.  He claimed to be the owner of the land in controversy, and had the right to try his title in this suit, provided he did it without calling any other parties in warranty, or in any other manner arresting the progress of the litigation.  Interventions of this kind are of frequent occurrence in our courts.  See *Phelps* v. *Hughes,* 1st Ann. Rep. 320.  *Gibson* v. *Foster, ante,* 503.

The judgment in this case is reversed; and the case remanded for further proceedings in conformity with the views expressed in the opinion of the court.  The plaintiff and appellee paying the costs of this appeal.