## GEORGE W. PUMPHRY vs. MAJOR BROWN.

July Term, 1868..

An order setting aside a judgment in the circuit court, at the same term at which it was rendered, is an interlocutory order from which no appeal lies. And an order of that character made prior to the act of February 29, 1868, is not affected thereby.

A judgment was rendered in the circuit court of Mason county on the 31st day of August, 1867, in an action of debt wherein George W. Pumphry was plaintiff and Major Brown was defendant. The case was tried by the court in lieu of a jury. On the 2nd of September following, during the same term at which the judgment was had, the court set it aside and granted a new trial. The plaintiff excepted to this action of the court and applied to this court for a writ of supersedeas. The defendant in error moved to dismiss the supersedeas on the ground of want of jurisdiction, alleging for cause that the appeal was from an interlocutory order and not from a final judgment, and that the cause was still pending in the circuit court.

*D. Polsley* for the plaintiff in error.
*Jeffers* for the defendant in error.

BROWN, President. This is a supersedeas to the judgment of the circuit court of Mason county setting aside a judgment and awarding a new trial on the motion of the defendant.

The case was tried by the court in lieu of a jury. The plaintiff excepted to the ruling of the court setting aside the

*See page 1.

judgment and awarding a new trial, and the bill of exceptions sets out the facts and grounds upon which the court based its action.   The defendant in error now moves to dismiss the supersedeas on the ground that there is no jurisdiction of the case, and alleges for cause that the appeal is from the interlocutory order and not from any final judgment, and that the cause is still pending and undetermined in the circuit court.   And it is certain that as the law was at the time the supersedeas was allowed no appeal lay in the case.  1 Rob., 34; Code 1860, chap. 182, sec. 2.  But by the act of February 29th, 1868, the law was changed and a writ of error or supersedeas allowed in just such case.   What effect, therefore, can that act have, if any, on this case?

· If a suit were brought on a note before it was due the action could not be sustained though it might have become due before trial, and I see no difference in principle with the case here.   I think, therefore, that the motion of the defendant in error must be sustained and the supersedeas dismissed as improvidently allowed, and at the costs of the plaintiff in error, but without prejudice to the plaintiff in error in any proceeding he be advised to take in the premises hereafter.

Judge Maxwell concurred.

MOTION SUSTAINED AND SUPERSEDEAS DISMISSED.