Wyly, J.
Plaintiff brought this petitory action for the recovery of a tract of land known as the southwest quarter of sectiou seven, township twenty, range fourteen, lying in the parish of Caddo.
There was judgment in his favor and defendants appeal.
The land in question was selected by the State on the eighteenth May, 1852, under the provisions of the act of Congress, approved Sep *528 tember 28, 1850, granting swamp and overflowed lands to the State. The same land was also subsequently selected by the State under act of Congress, approved March 2, 1849. The selections made by the State under said grants were confirmed by act of Congress, approved Inarch 3, 1857, entitled “An Act to confirm to the several States the swamp and overflowed lands selected under the act of September 28, 1850, and the act of the second March, 1849.”
Plaintiff’s vendor, James E. Wood, bought this land from the State in February, 1862, and the title was confirmed by the State by act 104 of the acts of 1871, an act confirming all sales and locations of public lands made by the State from the first day of January, 1861, to October 14,1864. Plaintiff acquired by deed from Wood, and shows a regular chain of title from the United States to the land in question.
On the other hand, the defendant shows a purchase and patent for this land from the United States long after the selection by the State and the confirmation thereof by the act of Congress, approved March 2,1857.
By this confirmation of the selections made by the State under the grants referred to, this land was severed from the public domain, and the subsequent grant thereof by the United States in no manner impaired or defeated the title previously acquired by the State. 11 La. 582; 9 An. 102; 13 Pet. 498. We regard the title of plaintiff as a good one, and conclude that he is the lawful owner of the land.
The position taken by defendant that the land department decided the land to belong to him, and their action precludes the investigation and determination of the case by this court, is unfounded. The precise question was decided by this court adversely to this view of defendant in a similar case, to wit: The case of Copely v. Dinkgrave, 26 An., not reported. It was there held that the action of the officers of the laud department adjudicated the title of the United States, and to that extent the adjudication was final. It is not for this court or any other to interfere with the discretion of the land officers of the United States, in their transfer to whomsoever they may choose, of the title of the United States to land. But if the United States at the moment of the adjudication had no title to the land in question, this action of the officers of the land department gave the defendant none. And the question whether the United States had any title at the time of the adjudication, is a question for the courts of justice, clearly, and not for the officers of the land department to decide. G-arland v. Wynn, 20 Howard 6; 1 Peters 212; 9 Howard 328; 14 Howard'377; 18 Howard 44; 4 R. 79; 13 An. 356; 20 An. 433.
It is therefore ordered that the judgment herein in favor of plaintiff be affirmed with costs.
Rehearing refused.