# WHEELING.

STATE v. DAUGHERTY.

Submitted June 23, 1894.—Decided June 25, 1894.

CRIMINAL JURISDICTION AND PROCEEDINGS—WRIT OF ERROR.

To entitle a party indicted for felony to a writ of error to this Court he must either have been convicted in the Circuit Court of the offence charged in the indictment, or he must have been convicted thereof in some tribunal inferior to the Circuit Court, and the conviction must have been affirmed by the Circuit Court.

MONROE & WOODS, for plaintiff in error cited Code, c. 135; 5 W. Va. 510; 22 W. Va. 771; 2 Gratt. 568; 1 Bish. Crim. L. § 1041–1044; Am. Crim. L. § 573–591; 2 Whar. Ev. § 1226, 1323; Cool. Con. L. 296–298; 5 Am. Rep. 511; 6 Am. St. Rep. 757; 21 Am. St. Rep. 266; Id. 790; 3 Am. St. Rep. 213; 1 Bish. Crim. L. § 1012–1047.

Attorney-General T. S. RILEY, for the State cited Art. VIII, s. 3, Const.; section 1, c. 135, sub-section 10, Code; section 16, c. 152, Code; And. Law Dict. 256; 25 Gratt.

853; 69 N. Y. 109; section 7, c. 159, Code; 5 W. Va. 510; 22 W. Va. 771; 31 W. Va. 390, 398; Code, c. 152, s. 15.

ENGLISH, JUDGE:

On the third Tuesday in September, 1893, an indictment was found against Charles H. Daugherty by a grand jury empanelled in the Circuit Court of Hampshire county, charging him with the larceny of a certain check therein described, to which indictment the said Daugherty demurred and also pleaded "Not guilty." The case was continued until the February term, 1894, when it was submitted to a jury; and after the evidence on behalf of the state had been concluded, and the state rested, the prisoner moved the court to exclude the evidence offered by the state, upon the ground that it was insufficient to sustain the allegations of said indictment, which motion was overruled by the court, and the plaintiff in error was required to proceed with the trial, to which action of the court the plaintiff in error excepted. After the evidence had been concluded, and the case had been given to the jury, who considered of their verdict for about four hours on the first day and about three hours on the next Monday, to which they were adjourned, they returned into court and reported, that they could not agree, and counsel for the plaintiff being asked by the court, if they would consent to a discharge of the jury, refused to give such consent and requested, that the jury might be held to the end of the term, unless they should sooner agree upon a verdict; but the court notwithstanding such refusal discharged the jury continued the cause and required the plaintiff in error to enter into a recognizance for his appearance at the next term of said court; and the plaintiff in error again excepted and afterwards moved the court to discharge him from said indictment because of the discharge of said jury against his consent, which motion was overruled. An exception was taken; and this writ of error was applied for and obtained.

In examining the record presented the first question, which suggests itself, is: Was the status of the case such, at the time the writ of error was applied for and obtained, as to authorize this Court to take cognizance of the same?

In defining the jurisdiction in criminal cases section 3, Art. VIII of our state constitution provides, that "the Supreme Court of Appeals shall have appellate jurisdiction in criminal cases, where there has been a conviction for felony or misdemeanor in a Circuit Court, and where a conviction has been had in any inferior court and been affirmed in a Circuit Court," etc. ; and in the tenth clause of section 1 of chapter 135 of the Code it is provided, that a writ of error may be obtained "in any criminal case, where there has been a conviction in a Circuit Court, or there has been a conviction in an inferior court, which has been affirmed in a Circuit Court." Now, while it is true that the plaintiff in error is by the indictment found in the record charged with the commission of a felony, yet it does not appear, that the verdict of a jury has ever been rendered against him, or that he has ever in any manner been convicted of the offence, with which he is charged ; and, this being the case, our conclusion is, that this writ of error was improvidently awarded and must therefore be dismissed with costs.