# CHARLESTON.

STATE *v.* BLUEFIELD DRUG CO.

Submitted January 22, 1896—Decided March 18, 1896.

CRIMINAL LAW—WRIT OF ERROR.

 A writ of error does not lie to this Court from an order of the circuit court reversing the judgment of an inferior court in a criminal case, and remanding the same for further proceedings.

JOHNSTON & HALE for plaintiff in error, cited Code, c. 18, s. 12; Code, c. 32, ss. 6, 1; 34 W. Va. 137.

ATTORNEY-GENERAL T. S. RILEY for defendant in error, cited 39 W. Va. 470; Const. Art. VIII, s. 3; 26 W. Va. 338; Code, c. 32, s. 6.

DENT, JUDGE:

From the brief of the attorneys Johnston & Hale is adopted the following statement of the case: "On the 16th day of May, 1894, M. E. Browning and G. H. Wade, partners, doing business under the firm name of Bluefield Drug Company, were indicted in the Circuit Court of Mercer county, W. Va , for selling intoxicating liquors without having obtained a license therefor; and on the next day the said circuit court entered an order directing that all indictments found at that term of court should be certified to the criminal court of said county for trial. On the 2d day of July, 1894, an order was entered in the criminal court of said county docketing cases of 'State against Bluefield Drug Co., for misdemeanor, No. 1 to No. 20,' for trial. On the 11th day of October, 1895, the case, first above referred to, of the state against M. E. Browning and G. H. Wade, partners, doing business under the firm name and style of Bluefield Drug Company, was submitted to the court for trial, upon a written statement of facts agreed; and the court found in favor of the defendants, and dismissed the indictment, and the state excepted. On the 16th day of

November, 1894, the circuit court of said county granted a writ of error and *supersedeas* to the judgment of the said criminal court; and on the 6th day of December, 1894, the said circuit court reversed the said criminal court, awarded the state a new trial, and remanded the case to the said criminal court for further proceedings to be had therein. On the 4th day of February, 1895, the Supreme Court of Appeals awarded a writ of error to the judgment of the said circuit court.

The attorney-general, on behalf of the state, interposes the objection that the writ of error in this case was improvidently awarded, and should be dismissed. This question must therefore be first disposed of. The Constitution (article VIII, section 3) provides, in fixing the jurisdiction of this Court: "It shall have appellate jurisdiction in criminal cases where there has been a conviction for felony or misdemeanor in a circuit court, and where a conviction has been had in any inferior court and been affirmed in a circuit court; and, in cases relating to the public revenue, the right of appeal shall belong to the state, as well as the defendant, and such other appellate jurisdiction in both civil and criminal cases as may be prescribed by law." The tenth clause of section 1 of chapter 135 of the Code provides: "In any criminal case where there has been a conviction in a circuit court or there has been a conviction in an inferior court which has been affirmed in the circuit court." The specification of the right of appeal in cases where conviction was had in the inferior court, and affirmed in the circuit court, shows that the lawmakers had in mind the reversal of such cases in the circuit court, and intended by the language used to preclude the right of appeal when the order was in its nature interlocutory, and not final as to the disposition of the litigation. Such was formerly the law in civil cases. *Pumphrey* v. *Brown*, 3 W. Va. 9. But this was changed by enactment so as to allow a writ of error "in any civil case where there is an order granting a new trial or rehearing, and in such cases an appeal may be taken from the order without waiting for the new trial or rehearing to be had." but there is no such provision as to criminal procedure. Section 3, chapter 160,

Code, provides that a "writ of error shall lie in a criminal case to the judgment of a circuit court from the supreme court of appeals. It shall lie in any case for the accused, and, if the case be for the violation of a law relating to the revenue, it shall lie also for the state." This section only applies to cases tried in the circuit court, where there is a final judgment of conviction or acquittal, and does not include an order of the circuit court reversing the judgment of an inferior court, and remanding the case for a new trial. In the special act establishing the criminal court of Mercer county (chapter 18, Acts 1893) there is no appeal authorized from such orders; but it is provided in section 19 that the circuit court "shall reverse the same [the judgment of the inferior court] in whole or in part if erroneous, and remand the same back to the said criminal court, to be further proceeded in and finally determined." The circuit court is not even permitted to try the case and enter up such judgment as the inferior court should have rendered, but it must "remand the same back," that a final judgment may be entered. The case is precisely in the same condition when reversed by the circuit court as it would have been had the inferior court on motion, set aside the verdict, and granted a new trial. In criminal cases the law does not allow a writ of error to an order setting aside a verdict and granting a new trial, as heretofore shown. It may appear a hardship that this defendant must return to the criminal court, go through the form of trial, and then come back through the circuit court to this Court, before he can finally have his case heard and disposed of on its merits, but this is a defect in the law, for the legislature, and not the Court, to remedy.

The defendant's counsel rely on the case of *State* v. *Cooper*, 26 W. Va. 338, in support of right of writ of error in this case. It is true that the attorney-general did raise the same question in that case, but, for some reason not apparent, the Court wholly overlooked or disregarded the question, as it is not alluded to in the opinion; and Judge Snyder, who delivered the same, says: "The only question presented to this Court is, did the circuit court err in setting aside the verdict of the jury and granting a new trial?"

—thus entirely ignoring the question of jurisdiction presented. To take a charitable view of the matter, the Court purposely did so to cut across lots, and get at justice and the final disposition of the case, without following the beaten path marked out by the legislature. This Court might adopt the same procedure, to the promotion of justice, and the great relief of the defendant, and to the direct injury of no one except the state; but to do so would be to invade the province of the legislature, and throw on some future court the unpleasant duty of enforcing the law as it is written. The case of *State* v. *Daughtery*, 39 W. Va. 470 (19 S. E. 872) referred to by the attorney-general, is not in point, as it was a felony case pending in the circuit court without trial, owing to the discharge of the jury.

If a law operates harshly, the strict enforcement of it is the most certain way to secure its speedy amendment. And while it is more pleasurable to do equal justice, in merciful disregard of the unbending forms of law, yet duty requires a strict adherence to every varying crook and turn in legislative enactments within constitutional limitations.

Such being the law, the writ of error, having been improvidently awarded in this case, is dismissed.