# CHARLESTON.

### STATE *v.* MARTIN.

### Decided May 17, 1910.

CRIMINAL LAW—*Writ of Error—Grant of New Trial.*

A writ of error does not lie from this Court to the judgment or order of the circuit court in a criminal case setting aside the verdict of the jury and awarding a new trial. Re-affirming *State* v. *Bluefield Drug Co.*, 41 W. Va. 638.

Error to Circuit Court, Braxton County.

James A. Martin was found not guilty of an illegal sale of liquors. From a judgment awarding a new trial, defendant brings error.

*Affirmed.*

*Haymond & Fox* and *Hall Bros.*, for plaintiff in error.

*William G. Conley*, Attorney General, for the State.

MILLER, JUDGE:

The defendant was indicted in the circuit court of Braxton county, at the November term, 1907, thereof, for selling spirituous liquors without a state license therefor. On February 25, 1908, he was tried before a jury and found not guilty as charged in the indictment. On motion of the state, at a subsequent day of the same term, the court set aside the verdict and awarded the state a new trial. To this judgment defendant obtained a writ of error from this Court.

The attorney general has moved a dismissal of the writ of error as improvidently awarded. The ground of the motion is that no writ of error lies from this Court to the judgment of the circuit court setting aside a verdict and awarding a new trial, except in civil cases. We think this motion should prevail. It was decided in *State* v. *Bluefield Drug Co.,* 41 W. Va. 638, that a writ of error does not lie to this Court from an order of the circuit court reversing the judgment of an inferior court in a criminal case, and remanding the same for further proceedings. If this be the law the same rule would apply to a judgment of a circuit court, as in this case, setting aside a verdict in a criminal case, upon a trial originally had in that court. We think that *State* v. *Bluefield Drug Co.,* is a proper interpretation of our statutes, and that we have no jurisdiction to consider the case upon the merits on the present writ of error.

The judgment of the circuit court is therefore affirmed.

*Affirmed.*