Samuels, J.
It is the right of every party concerned in interest in property, when about to be sold at public auction, to have it offered for sale under such circumstances as afford an opportunity for fair competition amongst all who may be disposed to buy. Doubts about the identity or title of the subject to be «old may prevent prudent men from offering to buy, *641 and are therefore enough to justify any one charged with the duty of making a sale, in postponing the sale until such doubts may be removed and the danger of sacrifice be avoided. See Rossett v. Fisher, 11 Gratt. 492; Goare v. Beuhring, 6 Leigh 585; 1 Lom. Dig. 425 top, 323 marg. Without going into an enumeration of the many causes for which public sales have been set aside, yet we see that many of them are founded on the principle that fair competition has been prevented, and sacrifice may have been incurred to the prejudice of those interested, This principle rules in cases of sales by auctioneers, executors, administrators, trustees, commissioners, and all others having authority to sell. 2 Rob. Prac. 65, old edition. Although the irregular action of the person making the sale may not always avoid it, still wherever the sale itself is allowed to stand, the delinquent in duty must make compensation to the party injured.
In the case before us a sale of land was made by a commissioner acting under a decree of the Circuit court of Nelson county. It was the right of the appellees as well as of the appellant, the parties interested, to have the benefit of fair competition. Yet the sale was made on the 3d of December 1853, a day which was so inclement because of rain, that several persons who wished to attend were prevented by the weather from doing so. There is a conflict of evidence on the question, Whether the inclemency of the day was such as ought to prevent any one who might wish to do so from attending ? There is no conflict however as to the fact that some persons did stay away who had intended to be there, some of whom wished to buy the land or a part of it. There is moreover no conflict of evidence as to the fact that the appellant was the sole bidder; that the commissioner, the crier and one other, were the only persons drawn to the place in expecta *642 tion of a sale; that the appellant who became the buyer, and her brother lived at the place. The case before us differs from Fairfax v. Muse’s ex’ors, 4 Munf. 124, in this, that in that case there were five bidders present, including the plaintiff's agent and the defendant : in our case but one bidder was present. In our case, besides the commissioner and crier, there was but one other person in attendance, because of the expected sale, and that other had no intention to buy. In the case in 4th Munford, the report states that a “ considerable number” were there. In our case persons who wished to attend were prevented by the weather from doing so. In the case in 4th Munford it is not shown that any one staid away because of the cloudy and rainy day, who desired to be at the place of sale. The marked difference in the facts of the cases in my judgment requires a difference in their decision. Seeing that the duty of the commissioner was plainly violated; that the sale reported in effect was one by private contract, the court should not go into an enquiry upon the conflicting evidence whether the price was a fair one.
It was said in the argument here that if the sale under consideration could be set aside at all, that it could only be done by opening the biddings by the offer of a substantial advance upon the price reported; that this practice of the English chancery courts should be followed here in cases like this; and that the exceptions to the commissioner’s report in this case for this reason should be disregarded. This objection I think is not well taken. The commissioner is the officer of the court, and acts under its supervision. His errors, when brought to the notice of the court, or appearing on the face of his proceedings, may be corrected. Such has hitherto been the practice in Virginia without question as to its propriety; its convenience and *643 justice are manifest, and it should not be disturbed. In Fairfax v. Muse's ex'ors, above cited, the Chancery court, in a summary way, revised the action of its commissioners, and confirmed it; and this court upon appeal affirmed the decision of the Chancery court.
I am of opinion to affirm the decree.
The other judges concurred in the opinion of Samuels, J.
Decree affirmed.