## 𝔚𝔶𝔱𝔥𝔢𝔳𝔦𝔩𝔩𝔢.

### NEFF v. WOODING AND WIFE.

#### JUNE 16th, 1887.

1. ACCOUNT STATED—*Case at bar.*—Where parties have settled and stated their accounts with one another, each is bound thereby, unless he can furnish clear proof of a mutual mistake, or of fraud. In case here, no such proof was furnished.

2. EQUITABLE JURISDICTION AND RELIEF—*Vendor's lien.*—In suit to enforce liens reserved in favor of grantor in his conveyance of land, as provided by Code 1873, ch. 115. § 1, the court may decree sale of the land to satisfy the lien, with any previous account of rents and profits ; § 9, ch. 182, Code 1873, applying only to suits for the enforcement of judgment liens.

Appeal from decree of circuit court of Roanoke county, rendered April 10th, 1886, in a cause wherein George W. Wooding and wife are complainants, and John Neff is defendant. The decree being unfavorable to Neff, he obtained an appeal and *supersedeas.* Opinion states the case.

*R. E. Scott* and *W. W. Berkeley,* for the appellant.

*R. H. Logan,* for the appellees.

LACY, J., delivered the opinion of the court.

The bill was filed by the appellees to subject a tract of land situated in said county to the satisfaction of the lien

of the vendor for the unpaid purchase money in September, 1885. On the sixteenth day of January, 1877, Benjamin Deyerle and Julia A., his wife, executed a deed to the appellant for the said tract of land, reserving, however, in the deed, a lien upon the land for the sum of $2,293, with interest from the tenth day of June, 1877. The land had been sold to the appellant, some years before the deed was made, at the price of $5,000. He had made numerous payments, amounting in the aggregate to the sum of $2,707, leaving the sum of $2,293 due on the tenth day of January, 1877, when the deed was made, as had been stated upon a settlement. Other payments were made from time to time up to the first day of July, 1878, when Deyerle assigned the bond, which had been given at the settlement January, 1877, for the amount then found due by the parties to the appellees, who were his daughter and her husband. After the assignment, the said Neff having notice of it, he paid several sums to the assignees, when, finding himself unable to complete the payment of the purchase money for the land, upon agreement between Neff and Wooding a settlement was had, the balance due ascertained, and Neff received his bond back, and signed a deed to Wooding reconveying the land to him, which he said his wife would also sign. But Wooding, having delivered the deed to Neff to get the signature of his wife, directed Neff to deliver up the bond into the hands of a third party to hold until the deed was signed by Neff's wife. Neff never returned the deed, and said his wife would not sign it; and Neff not paying the bond, this suit was instituted for the purpose stated. The defendant, Neff, answered, setting up certain receipts not set forth in the plaintiffs' bill, and alleging that Wooding obtained from him improperly some of his receipts, and asking for an account and examination of Wooding on oath. The cause was referred to a commissioner for account and report, and the depositions

of both plaintiff and defendant taken in the suit, and of others.

The commissioner reported an account of the debt, allowing Neff certain receipts claimed by him in his answer, and produced before the commissioner, and he and others reported that there were no other liens on the property. Neff excepted to this report—*First*, because the commissioner did not allow him credit for $650, for which he produced a receipt dated June 2, 1873, which was for ".part payment on land he now lives upon." The sum of $2,707, as has been said, had been credited upon this debt at the time of the settlement when the deed was made, several years after the date of this receipt, and in the statement produced at that time were two items large enough to have included this among others; and there was no proof on the subject, the contention being that the *date* of the receipt was a mistake, and the year should have been 1878 instead of 1873, the figure "3" being mistakenly written in lieu of an "8"; but there was no proof of this, and the commissioner takes no notice of this receipt, commencing his statement at the time of the settlement when the deed was made and the bond given, in 1877. The *second* exception was because there was no account taken and report made of the fee-simple and annual rental value of the land, and whether the rents would pay the debt in five years. The cause coming on to be heard, the court overruled the exceptions, confirmed the commissioner's report, and decreed the sale of the land, unless the debt should be paid within a stated time; whereupon the defendant, Neff, appealed to this court, and assigned errors in accordance with the foregoing exceptions.

As to the first exception. The appellant was concluded by his own settlement, unless he could furnish clear proof of a mutual mistake, or of a fraudulent deception, and there is no evidence of either; and the fair presumption is

that, as he had made a settlement, and given his obligation for the balance due, that so large a sum as $650 had not been overlooked; and, if it had been, it is probable that he would have been able to give a distinct account of it, which he does not do.

As to the second exception. The law provides (Code 1873, ch. 182, § 9,) that "if it appears to such court that the rents and profits of the real estate subject to the lien will not satify the judgment in five years, the court may decree the said estate, or any part thereof, to be sold, and the proceeds applied to the discharge of the judgment." But this is a statutory requirement which applies only to suits to enforce the lien of a judgment. In such case the statute does not prescribe any particular mode by which this shall be made to appear. Reference to a commissioner for inquiry report by him is one way, but it may be made to appear otherwise, as by the evidence, the pleadings, or the admissions of the parties. But this is not a suit to enforce the lien of a judgment, and the foregoing statute has no application to this case.

The lien which is sought to be enforced in this suit is one which arises out of a contract, as provided for by section 1 of chapter 115 of the Code of Virginia. This lien is expressly reserved on the face of the conveyance. No such terms are to be found in the contract between the parties by which the court was bound in enforcing the same, and there is no statutory requirement by which the court was so directed, and the court did not err in decreeing a sale of the land to satisfy the amount due under the contract, unless the same should be paid within the time prescribed by the decree. And the said decree of the circuit court of Roanoke county is affirmed.

DECREE AFFIRMED.