# CHARLESTON.

PARSONS *v.* SNIDER *et al.*

Submitted June 11, 1896—Decided Nov. 28, 1896.

1. APPEALABLE ORDERS.
   An order overruling a demurrer to a bill is not appealable.

2. INJUNCTIONS—CONDITIONS OF GRANTING INJUNCTION—CONFESSION OF JUDGMENT.
   There may be an injunction to restrain proceedings at law. Whether a confession of judgment at law, as a condition of granting an injunction, will be required, is in the sound discretion of the court. Such confession should be required to be made "subject to be dealt with as the court shall direct."

3. CONCURRENT JURISDICTION.
   In cases of concurrent jurisdiction, the court first taking jurisdiction of the subject has preference, and may go on to final action, and dispose of the property, and its action will be conclusive, and pass title.

42    517
49    661

42    517
56     69
e57    81

42    517
62     71
63    274

42    517
f64   200
e64   203
f65   209
f65   570

42    517
66    487

4. CREDITORS BILL—SALE UNDER DEED OF TRUST.

When a suit by a judgment creditor is brought to enforce his lien on land, and that of other lienors, under section 7, chapter 139, Code, and the creditor and trustee under a deed of trust are formal parties, pending this suit a sale can not be made under the deed of trust.

5. PARTIES TO SUITS—RESTRICTIONS ON PARTIES TO SUITS.

When a person is made a party to a suit as to his rights involved therein, he must await the action of the court, and can not, by independent proceedings outside of the suit, defeat such action.

W. B. MAXWELL for appellants, cited Code, c. 125, s. 58; 1 Bart. Ch. Prac. 225; Sto. Eq. Pl. § 236; 23 W. Va. 221; 33 W. Va. 155: 12 W. Va. 667; 24 W. Va. 698; 1 High, Inj. §§ 59, 60; Hilliard, Inj. § 13; 25 W. Va. 104; 29 W. Va. 519; 18 W. Va. 370; 21 Gratt. 334; 2 Perry, Trusts (2nd Ed.) 474; Code, c. 133, s. 6; Code, c. 123, s. 1, clause 7; Wells, Jur. Courts, § 171.

WM. G. CONLEY for appellees, cited 25 Gratt. 575; 29 Gratt. 330; 25 W. Va. 495, syl. pt. 3; 8 Leigh, 364.

BRANNON, JUDGE:

Parsons made a deed of trust on land to Maxwell, as trustee, to secure a note to Snider. Messenger owned a judgment later as a lien than the deed of trust, and brought a chancery suit in Mineral county to enforce his judgment against the land embraced in the trust, and to convene the liens upon it, making Parsons and Maxwell defendants as to their rights under said trust. After Parsons and Maxwell had been served with process in the Messenger suit, they sold the realty conveyed by the deed of trust, and, the sale not producing enough to pay the debt, Snider brought an action before a justice to get judgment for the balance, when Parsons brought a chancery suit in Tucker county to enjoin the prosecution of the suit before the justice, to set aside the sale under the deed of trust, and punish said Snider and Maxwell for their contempt in making it pending the Mineral county suit. Upon answers by Snider and Maxwell, and demurrer and motion to dissolve the injunction, an order was made overruling the motion to dissolve

and the demurrer, and sending the case to the circuit court of Mineral to be disposed of.

We can only review the case as it arises upon the motion to dissolve the injunction. The overruling a demurrer merely is not appealable action. *Buehler* v. *Cheuvront,* 15 W. Va. 479. Nor is the action of the court sending the case to Mineral appealable. But the hearing on the motion to dissolve practically hears the case on the demurrer. It is clear that Snider had right to sue for the balance of his debt. Indeed, if he had not sold under the trust, he could sue at law, as the existence of the trust made only a lien on the land, and he had a right to both sue at law and enforce his trust at the same time. So it would seem at first the injunction stopping the action at law ought to have been dissolved; but a second thought suggests that, if Snider be allowed to go on to judgment, it would be a finality, and it might turn out on the final hearing that the sale would be set aside, and the land being resold would bring the whole debt. Therefore a dissolution of the injunction would seem improper. But shall the injunction be retained preventing the creditor from having the security which a judgment would give him, thus denying him his right to resort to his legal remedy, which we stated above he has? I think not. He should have been required to confess a judgment in the law action as a condition for the granting, and, as that was omitted, as a condition for the continuance of the injunction, providing in the order requiring such confession that the judgment should be confessed "subject to be dealt with as this court shall direct" —that is, the chancery court. *Miller* v. *Miller,* 25 W. Va 495. Whether, when a party asks an injunction against proceedings in an action at law, such confession should be required, depends on the sound, not arbitrary, discretion of the court. The plaintiff's bill did not deny the Snider debt, but admitted it, and only claimed that the land had been sold pending the Messenger chancery suit, which placed the sale under a cloud, producing a sacrifice; and that if the sale should be set aside, and a resale had, there would not be the balance of the debt unpaid for which Snider asked judgment. It remained to be seen whether the

sale would be set aside, and, if so, what a resale would accomplish; and this consideration made it a proper case to require such confession. *Knott* v. *Seamands*, 25 W. Va. 99. But was there ground for injunction? After the Messenger suit to convene all liens on the land had been brought under section 7, chapter 139, Code, the trustee went on to sell under the trust deed. He could not do this. I understand that when once a party and his rights have been brought into a suit, they must wait and abide the action of the court in it, and get relief through it. How else can courts render their jurisdiction and powers effective? When once a person is lawfully impleaded in a suit, as to those of his rights that are involved in it his hands are tied from action outside of it; otherwise there would be confusion dire—one judgment in one suit, another in another. If the trustees could sell under the trust to A, and the court sell under a decree to B, which would have title?

The defendants say that notice of sale under the trust had been given before service of process in the suit. No matter. It is true that, where there are two courts, and each has jurisdiction, that which first takes charge of the subject has preference to go on to judgment, and its judgment will be the conclusive one, disposing rightly of the property before it, and giving preferable title. 12 Am. & Eng. Enc. Law, 292; *Gay* v. *Iron Co.* (Ala.) 11 South. 353; *Chapin* v. *James*, 23 Am. Rep. 412. But the action of the trustee in giving notice of sale did not have the effect of a court's taking first jurisdiction. It seems, then, that the circuit court of Mineral took possession of the land to administer it for the benefit of lienors, and was alone authorized to sell it, and the trustee could not sell it. This would be so on general principles; but I regard it as strengthened by the fact, as to such a suit, that section 7, chapter 139, Code, says that "if, after the commencement of such suit any lienholder commence any other suit or proceeding in or out of court to enforce a lien claimed by him on the real estate * * * sought to be enforced by such suit," he may be enjoined, and forced to come in and get relief through the suit; showing the design of the legislature to make such suit the sole means of administering the prop-

erty for lien creditors. This would be so as to any lien holder, party or not. But this deed of trust creditor and his trustees were formal parties. Under these principles the Messenger suit constitued a cloud over the title, which the trustee could sell; in fact was the only means of passing a good title. And, even if the trust creditor and trustee had not been parties, it would have made the sale irregular, because producing uncertainty of title and sacrifice. *Rossett* v. *Fisher*, 11 Gratt. 499; *Roberts* v. *Roberts*, 13 Gratt. 639-641; *Curry* v. *Hill*, 18 W. Va. 370; *Lallance* v. *Fisher*, 29 W. Va. 512 (2 S. E. 775). No matter that, as in the last case, there was no controversy as to liens (but we do not know this) or that the plaintiff was prior; the very land itself was before the Mineral court, subject to be sold by it so as to pass the true title, and the deed of trust and all rights under it, and its parties were before the court bound to abide its action. How the case may stand when fully made up we can not say; but deciding on the record as it is now in passing on the motion to dissolve, we see enough to say that there was ground to overrule it.

We are cited to § 474 Perry on Trusts for the proposition that trustees are free to act though a suit has been brought to administer the trust until a decree, but after decree they can only act by direction of the court, as until then the suit may be dismissed, or the court refuse to take charge of the trust. That refers to a different class of trusts, as will appear from reading the entire section; trusts where the entire administration of them is before the court, not a mere mortgage or deed of trust creating a lien; and moreover, the peculiar character of a suit under Code c. 139, s. 7, makes it from the start as if a decree assuming charge of the subject had been entered; and the very letter prohibits other proceedings by lienors from the very commencement of the suit. Under the statute, the Mineral court might have enjoined the sale; but, it not having done so, after it the circuit court of Tucker had lawful jurisdicdiction for a bill to set it aside. We do not consider the order of transfer reviewable, if erroneous.

James H. Snider, the purchaser under the trustee, is a necessary party, as he holds colorable legal title, and as merely purchaser is a necessary party.

If we modify and affirm, what court would require the confession of judgment? The order unconditionally overruling the motion to dissolve being erroneous, we reverse the order *in toto*, and remand, with direction to require a confession of such judgment for the amount of Snider's demand by a given day, on pain, in default thereof of having the injunction dissolved, and for further proceedings.