# CHARLESTON

## McDermitt, Admr. v. Newman *et al:*

Submitted February 4, 1908. Decided March 31, 1908.

1. APPEARANCE— *Waiver of Objections.*

    A defendant, who appears and answers at a term when the cause is improperly on the docket because not set for hearing at rules, waives such irregularity. (p. 199.)

2. EQUITY—*Answer*— *Waiver of Plea.*

    An answer purporting to respond to the whole of the bill overrules a plea to the bill, or to any part thereof. (p. 201.)

3. SAME.

    The true end of a plea in equity is to save the party the necessity of making discovery adverse to his interests, and the expense of examining witnesses at large or of adjusting accounts; and, when such object has been defeated by answer, a plea is properly rejected. (p. 201.)

4. JUDICIAL SALES—*Appointment of Special Commissioners—Necessity— Sale by Trustee in Trust Deed.*

    In a cause in which a deed of trust is properly involved, and the grantor, beneficiary and trustee are parties, sale of the land covered thereby, pursuant to the terms thereof, may be decreed to be made by the trustee, when such course appears proper and desirable. (p. 202 )

5. FRAUDULENT CONVEYANCES—*Effect of Illegal Preference—Statutory Provisions.*

    It is not requisite to ascertain whether rents and profits in five years will pay the debts, in a suit attacking preference by an insolvent debtor, under section 2, chapter 74, of the Code. Such case being established, the porperty itself may be applied to payment of the debts. (p. 203.)

Appeal from Circuit Court, Mason County.

Bill by F. E. Newman against I. V. Newman and others. Plaintiff died, and the suit was revived in the name of J. O. McDermitt, sheriff, her administrator. Judgment for plaintiff, and I. V. Newman and another appeal.

*Affirmed.   Remanded.*

J. W. English, for appellants.

John E. Beller and Rankin Wiley, for appellee J. O. McDermitt.   Charles E. Hogg, for appellee A. E. Smith.

Robinson, Judge:

This appeal is on behalf of I. V. Newman and Emma L. Newman, defendants with others in the suit of F. E. Newman, which, after plaintiff's death, was revived and prosecuted in the name of J. O. McDermitt, sheriff, her administrator.   The bill sought to declare a judgment confessed by I. V. Newman in favor of P. C. Eastham to be an unlawful preference, because of debtor's insolvency at the time, over debts due plaintiff from him, and the subjection of debtor's real estate to the payment of such debts. Other defendants were shown to have prior liens on the land, by deeds of trust.   The debts alleged in favor of plaintiff were represented by two notes executed by I. V. Newman to her, under seal.   I. V. Newman appeared to the original bill, and his demurrer thereto was sustained, and plaintiff permitted to amend.   After amendment of the bill, he filed his separate answer, and there was general replication.   Plaintiff then took proof in support of the bill. Pending the suit, without order therein, notwithstanding the trustees and beneficiaries in the deeds of trust were parties, duly summoned in the case, under one of these deeds of trust sale was made of the portion of the lands of I. V. Newman covered thereby, and purchases at such sale made by the beneficiary in this deed of trust and one A. E. Smith, who was not a party.   Then an amended and supplemental bill was filed, alleging these deed of trust sales to be in prejudice of plaintiff's rights, asking that the same be set aside as affecting the objects sought by plaintiff's original bill, and praying that A. E. Smith be

brought in as a party to such amended and supplemental bill. The cause was thereupon remanded to rules for the purpose of process against Smith. He was a non-resident, and there was order of publication as to him. Publication was completed on November 2, 1905. There was a term of the court in the next December, and, the next term coming in the following March, objection was made by I. V. Newman and Smith to a hearing of the cause at that term, on the ground that the cause was improperly on the docket. Long prior to this, I. V. Newman had demurred to and answered the original bill. The cause had been properly matured and set for hearing thereon, and only Smith was made an additional party by the amended and supplemental bill. But it seems that at rules, to which the cause was remanded as aforesaid, nothing was done but to direct and have publication as to Smith, and the cause there was not again formally set for hearing. It was, however, placed on the hearing docket for said March Term. Upon objections of I. V. Newman and Smith to hearing the case because not properly on the docket by failure to set for hearing at rules, the court directed the clerk to enter the rules that should have been entered, stating that at a former term, which must have been the December Term, since publication was completed only in the preceding November, it had directed such to be done, but that the same had been omitted by the clerk. This action seems to have been on the theory that entry could then be properly made as of the December Term, relating to proceedings in the clerk's office during the vacation preceding the December Term. Be this as it may, after such action I. V. Newman appeared and answered the amended and supplemental bill, to which there was general replication, and further appeared and tendered two pleas, which, upon objections to their filing, were rejected. After this, the cause was heard at that term, plaintiff's alleged debts were decreed to her said administrator, there was finding of the insolvency of I. V. Newman at the time the judgment was confessed in favor of Eastham, such judgment was decreed to be an unlawful preference over plaintiff's debts and only of equal priority therewith, the said sales made by the trustee to the beneficiary under the deed of trust were

set aside and held for naught, and the cause referred to a commissioner for ascertainment and report of matters usual and pertinent in causes of such character. The court reserved consideration at this time of said trustee's sale to Smith. At the July Term following, the cause was again heard upon the incoming of the report of the commissioner, and, there being no exceptions to the report, it was approved and confirmed. Whereupon, there was complete decree, accordingly, directing sale of certain real estate of I. V. Newman in payment of liens, in priority ascertained by said report and decreed in accordance therewith, including the debts alleged in plaintiff's bill and theretofore decreed as aforesaid. By decree of same day, upon petition of E. J. Sommerville, beneficiary in a deed of trust on the interest of I. V. Newman and Emma L. Newman in a tract of 384 acres, this part of the real estate was excepted from the decree of sale aforesaid, and directed to be sold by the trustee in that deed of trust, pursuant thereto, it being shown that this was proper and desirable because the debt secured thereby was a joint debt of I. V. and Emma L. Newman, and that the interest in the land conveyed by such deed of trust belonged in fee simple only to one or the other, I. V. Newman or Emma L. Newman, whichever the survivor may be. The trustee was directed to report such sale made by him to the court, as were the special commissioners appointed in the other decree for the sale of the residue of the real interests of I. V. Newman. The decrees did not disturb the aforesaid sale to Smith, but in fact respected the same, since the report of the commissioner was confirmed, wherein the debt secured by the deed of trust under which that sale was made was credited with the net proceeds thereby realized. And there is no complaint made by appellants, or any other party to the cause, to such disposition of the matter. As we have seen, there were no exceptions to the commissioner's report by anyone. So the sale to Smith under the deed of trust, pending the cause, without order therein, may be eliminated from further consideration. Likewise, all matters which do not have relation to the alleged errors shall have no mention herein.

The errors assigned are (1) in hearing the cause at a

term when it was not properly on the docket by maturity at rules; (2) in rejecting the two pleas tendered by defendant; (3) in decreeing a sale before it was made to appear that the lands would not rent for enough in five years to satisfy the liens; and (4) in directing a sale under the deed of trust as aforesaid.

We fail to see that prejudice came to defendant I. V. Newman by the action of the court in hearing the cause at a term when it was improperly on the docket, not set for hearing at rules, since, after his objection to such hearing was overruled, that defendant appeared, answered and tendered pleas. The object of proceedings at rules is to expedite the maturity of causes in the recess or vacation of the court. 4 Minor's Inst. (3rd Ed.) 664. It would certainly be erroneous to hear a cause that had not been matured for hearing at rules, in the absence of a defendant prejudiced thereby. *Gallatan Land, Coal & Oil Co.* v. *Davis*, 44 W. Va. 109. A defendant takes notice of these rule-day entries, and relies upon them. If none is made, he has a right to rest upon the knowledge that the cause is not being prosecuted against him to a hearing at which he must respond. But is it not different where the very reason, necessity and importance of these rule proceedings in maturing a cause are removed by the appearance of defendant and his response by the defense which he has to offer? The rules are steps taken leading to the day when defendant must answer. May not such steps be waived by answer? The court will not do a vain thing. It would be vain now to reverse the decree and send the cause back to rules to have it there set for hearing, for the purpose of admitting defendant's same answer to the amended and supplemental bill. How would this benefit him? We must presume that it would be the same answer. There is nothing in the cause to show that he had any other, or that he was deprived of full right and opportunity of making it. He appeared and answered, but he did not ask continuance or mention desire or cause for delay. It seems that he was ready to meet the issue on the latter bill. Complete answer to the contention in this particular is that, as to this complaining defendant, the cause needed no maturing at rules. He appeared and saved the

necessity of maturity there. When he appeared and answered, without request for continuance, he waived his objection to hearing the cause for lack of maturity at rules. Besides all this, the only object of the amended and supplemental bill was one ancillary to the original cause, it being to set aside the trustee's sale as prejudicial to plaintiff and other creditors interested in the proceeds of the land involved, because made during the pendency of this suit, to which the trustee and beneficiary were parties. The cause was remanded to rules for the sole purpose of process upon Smith, the only outstanding necessary party. At this time the original cause was fully and regularly matured, all parties thereto were before the court, I. V. Newman's answer purporting to go to the whole of the original bill was in, plaintiff had proved his case, and this defendant's ample opportunity to defend fully had not been utilized by him. While he did, in his answer to the amended and supplemental bill, deny the right of plaintiff to the relief there asked, the setting aside of said trustee's sale, yet he admitted such sale; and, as that sale was clearly unwarranted under the law, the grantor, trustee, and beneficiary being parties to this suit, and the sale made pending it without order of court, and as proof in the case made on the latter bill and answer would not change the matter or make the sale warranted, no harm was done him in the hearing on this issue at that time. The matter presented by the latter bill and answer was really one of law. *Parsons* v. *Snider*, 42 W. Va. 517, (syl. 5.) It needed no time for proof. And surely he cannot complain that at this time he was deprived of opportunity to defend the original bill. That opportunity had long been open to him. He had in due time answered, denying insolvency and the the debts of plaintiff, but never had he undertaken to support this answer by proof. He had been introduced as a witness by plaintiff to speak of the property owned by him, and yet even then he does not offer a word of evidence in denial of the debts sought to be enforced by plaintiff. A party not prejudiced cannot be heard to complain in this Court. I. V. Newman, by that of which he complains in this particular, was deprived of no sub-

stantial right. Certainly Emma L. Newman was not, as nothing alleged in the amended and supplemental bill concerns her, and the orignal bill stands as confessed as to her. No other party says aught in the matter.

Error is assigned as to the rejection of both of the pleas tendered, yet we observe that it is not insisted upon in argument, or even mentioned there, as to the second plea. And as what we shall say as to the first plea is sufficient to show the propriety of rejecting the other, we shall confine ourselves to the one the rejection of which as error is relied upon in argument. The gravamen of this plea is that the two notes under seal, upon which this suit is based, were made and executed without any consideration deemed valuable in law. Without considering the substance of the defense offered by this plea, it suffices to say that it was properly overruled, because it came after answer which went to the whole of the bill and reserved nothing to be availed by plea. The only object of a plea in equity was defeated by the filing of the answer. "The true end of a plea is to save the party from the necessity of making a discovery which may be adverse to his interests, and from the expense of an examination of the witnesses at large, or of adjusting accounts." 4 Minor's Inst. (3rd Ed.) 1401. Plaintiff, as we have stated, had fully answered the original bill to which this plea pertained, and had thereby put plaintiff to extended proof, by examination of witnesses at large. Therefore, the plea could not serve the true purpose of such pleading. In short, he waived his right to plead, by answering. "The reason of this doctrine is, that pleas are to be put in *ante litem contestatam;* because they are pleas only, why the defendant should not answer; and therefore, if he does answer to anything to which he may plead, he overrules his plea; for the plea is only, why he should not answer; and if he answers, he waives the objection, and of course his plea." Story's Equity Pleadings (10th Ed.), section 688. We remark again, the answer went to the whole bill. It had no other purport. It does not profess to answer a distinct part of the bill, reserving plea as to some other part. And on such answer defendant rested his case until the hour of final hearing, when he sought to interpose this plea.

"If an answer commences as an answer to the whole bill,
it will overrule a plea to any part of the bill, although
the defendant did not in fact answer that part of the bill
which is covered by plea." So says a late and admirable
book. Fletcher, Eq. Pl. & Pr. section 247. Defense of
want of consideration in the notes could have been com-
pletely made under defendant's answer. He took no ad-
vantage of the opportunity to show want of considera-
tion, upon the issue made by his answer to the bill de-
nying the indebtedness. It may be significant to note here
that neither the answer of I. V. Newman to the original
bill, nor his answer to the amended and supplemental bill,
alleged this defense of want of consideration in the notes.
They did, however, call for full proof of the allegations
of the bill, and the answer to the original bill denied indebt-
edness to the plaintiff in the sum of the principal and inter-
est of said two notes. Nor was there request to amend the
answers, after rejection of the pleas, for the purpose of set-
ting up want of consideration in the notes, or any definite
and specific defense to the notes. Defendant's proposed
pleas in this light are clearly dilatory. We conclude
that both pleas were properly rejected because they came
too late.

It was within the province of the court to direct the
trustee in the deed of trust made to secure Sommerville
to sell the land covered thereby, pursuant to the terms
thereof, and to report such sale to the court for approval
and disposition of the proceeds according to the priority of
the liens on that land as reported by the commissioner. The
court could direct sale this way, as well as by appointment
of special commissioner. It simply adopted the method,
terms and agent agreed upon by the grantor and
beneficiary, reserving the same supervision over the sale
that it did over the sale of the lands directed to
be made by special commissioners. This appears
not only regular but reasonable, and certain it is that
nothing appears to show that it is prejudicial to the rights
of those whose real estate is to be so vended. The peti-
tion of Sommerville showed reason and desirability of sale
that way. No one resisted the prayer of such petition.
Emma L. Newman, one of the parties to that deed of trust,

cannot be heard to complain of this action for the first time in this Court. Nowhere in the cause was there appearance by her below. She has not appealed to section 5, chapter 134, of the Code, for the correction of alleged error, as she must do before complaining here. While it is true, as held in *Parsons* v. *Snider*, *supra*, that a sale under deed of trust cannot be made by the parties thereto, pending suit in which the deed of trust is involved, and in which the parties have been called upon to respond, yet it is equally true that, as an end to the relief sought by such suit, the court may direct the trustee to make such sale and to report in the premises. This latter is the action of the court. The rule in *Parsons* v. *Snider*, relates to the action of the parties without the sanction of the court. Here Sommerville and his trustee respected the court that had jurisdiction of the trust, applied to it upon grounds, and were authorized and directed by the court in the premises.

Was it necessary to ascertain the rents and profits in five years, to see if they were sufficient to pay the liens, in a suit of this character? It is certainly so in a suit to subject land to the satisfaction of a judgment lien. Code, chapter 139, section 7. But this suit is based on an unlawful preference, a species of fraud on the rights of a creditor. Such ground gave plaintiff right to this suit before reducing her claim to judgment. I. V. Newman's act in confessing judgment in favor of one creditor, when he was insolvent, caused the property owned by him, and affected by the confessed judgment, to be forfeited for sale for the benefit of all creditors. We say for sale, not for rent. This is the plain statutory law, controlling this point. Code, chapter 74, section 2. The law expressly includes a confessed judgment in the term "charge," and then further provides: "Every transfer or charge made by an insolvent debtor attempted to prefer any creditor of such insolvent debtor or to secure such a creditor or any surety or indorser for a debt to the exclusion or prejudice of any other creditor, shall be void as to such preference or security, but shall be taken to be for the benefit of all creditors of such debtor, and all the property so attempted to be transferred or charged shall be applied and paid *pro rata* upon all debts

owed by such debtor at the time the transfer or charge is made." Note that this statute, for such act of an insolvent debtor as is presented in this cause, turns over to the administration of the law "all the property attempted to be transferred or charged," and directs that it "shall be applied and paid" upon the debts. This plainly relates to the corpus of the property. It says that "the property * * * shall be applied and paid" on the debts, not that the rents of such property shall be so applied. The fraudulent character of the attempted preference involved in this cause plainly distinguishes it from a suit to enforce a valid judgment lien. In the latter case the statute expressly provides for a renting if the liens can be paid in five years. And it has been held that such statute applies only to suits to enforce the lien of a judgment. *Neff* v. *Wooding*, 83 Va. 432. It cannot apply to a case of this character; for, under the statute, by the debtor's act, his *property* is given over for *application* and *payment* upon his debts. His act in confessing a judgment in favor of one creditor when insolvent, operated, by force of the statute, as an assignment of all his property affected thereby for the benefit of his creditors generally. He thus forfeited to his creditors his rights therein. This statute not providing for any subjection of rents and profits in such case, we cannot conceive that such was ever contemplated, or is at all applicable, since, when one's debts are of greater amount than the value of his property, it would be impossible in so short a space of time to make the income of the property equal the principal of the debts.

We affirm the decrees and remand the cause for sale of the property in conformity therewith.

*Affirmed.    Remandsd.*