STATE *ex rel.* CHARLES M. WATSON

*v.*

THE HONORABLE DECATUR H. RODGERS, *Judge of the Circuit Court of Berkeley County, et al.*

(No. 9869)

Submitted August 2, 1946.   Decided September 4, 1946.

*Whiting C. Faulkner,* for relator.

*Clarence E. Martin, Jr.,* for respondents.

RILEY, JUDGE:

In this original proceeding in prohibition, the relator, Charles M. Watson, prays that the Honorable Decatur H. Rodgers, Judge of the Circuit Court of Berkeley County, be prohibited from proceeding further in a suit for divorce in which the relator is the plaintiff and Beatrice V. Watson the defendant. The case was submitted to this Court upon relator's petition and Judge Rodgers' answer.

On June 29, 1946, Beatrice V. Watson filed her bill of complant in the office of the Clerk of the Circuit Court of Berkeley County, praying that she be granted a divorce from the relator. A summons was duly issued upon relator returnable to July Rules, 1946, in the office of the Circuit Clerk. On the same day relator accepted service of process and waived in writing the maturity of the cause at rules and consented that it be placed immediately upon the docket of the Circuit Court, which was then in session. On June 29, 1946, the Circuit Court placed the case upon its docket and set it for hearing on July 13, 1946.

The petition alleges that relator, being advised that a decree for divorce which has not been matured at rules, as provided by Code, 56-4, is void, appeared specially before the Circuit Court on July 1, 1946, for the sole purpose of objecting to the docketing and setting the case for trial at the then term of the Circuit Court, and moved the court to vacate and set aside its order of June 29, 1946, which motion was overruled and a decree entered accordingly.

The Circuit Court, having jurisdiction of both the subject matter and parties in the divorce suit, the question presented here is: Did the court exceed its jurisdiction in setting the divorce cause for hearing as pro-

vided by the consent decree of June 29, 1946, before it had been matured at rules?

Initially, it must be said that the agreement and consent decree did not constitute collusion. It may be true, as contended by respondent Judge, that the determination of whether a certain act or series of acts amounts to collusion within the meaning of Code, 48-2-14, when, among other things, it appears that the suit has been brought by collusion, is a matter within the province of the Circuit Court. But there are other considerations to be considered in this case.

It is to be noted at the threshold in our consideration of this case that in this jurisdiction divorce has always been governed by statute. West Virginia Code 1868, Chapter 64. As stated by Judge Poffenbarger in *Boger* v. *Boger*, 86. W. Va. 590, 104 S. E. 49, "The Statute [Barnes Code, Chapter 64] is not amendatory of either the common or the ecclesiastical law. It is full, complete and comprehensive, covering every phase of divorce; wherefore it was manifestly designed by the Legislature to be a substitute for all other law applicable to that subject."

Code 1931, 48-2-23, provides that in the case of a resident defendant in a suit for divorce, if process has been served upon the defendant sixty days before the term of court, the case shall be placed on the trial docket. This section was amended by Chapter 35, Acts, West Virginia Legislature, 1935, by the deletion of the sixty-day provision and the substitution, in lieu thereof, of a provision that: "Suit for divorce or annulment shall mature the same as other cases in chancery, and when properly matured the case shall be placed on the docket for trial * * *".

Counsel for respondent contends that by the 1935 amendment the Legislature intended that the rule prevailing in regular chancery cases that where a defendant chooses to waive the maturity of cases at rules he may

do so *(McDermitt* v. *Newman,* 64 W. Va. 195, 61 S. E. 300), applies to divorces by virtue of the words contained in the amendment "shall mature the same as other cases in chancery". It is contended, that if the Legislature intended by the amendment that the sixty-day period before the term of court shall be required before a divorce case shall be placed on the docket, it would have retained the original provision in the statute. This we think is *non sequitur.* The provision for the maturity of divorce cases like other chancery cases is not the same as the rule in chancery as to the waiver of maturity and in our opinion the Legislature intended to provide expressly against such waiver when it used the words "and when properly matured" which it seems to us mean when the case is matured by the passage of two rule days.

Under Code, 56-4-49, if a defendant in a suit in equity fails to appear at the rule day to which process against him is returned executed, or when it is returnable to a term, at the first rule day after it is so returned, the plaintiff, if he has filed his bill, may have a decree *nisi* as to such defendant; but at the next rule day after a decree *nisi* is entered, if the defendant continues in default, or at the expiration of any rule upon defendant with which he fails to comply, the bill shall be taken for confessed as to said defendant. Under Code, 56-4-68 where a suit in equity is matured at rules as to all defendants it shall be the *ex officio* duty of the clerk, as soon as the case is matured, to set the same for hearing; but if the suit be matured as to only a part of the defendants the plaintiff may appear at rules and have it set down for hearing as to such person. Thus under the foregoing provisions of the statute a suit in equity may be matured and set for hearing within a period much less than the sixty-day period required under Code, 1931, 48-2-23, prior to its amendment in 1935. So it clearly appears that the Legislature intended by the words contained in the 1935 amendment, "Suit for divorce or annulment shall mature the same as other cases in chancery", that a suit for di-

vorce or annulment may, after the passage of two rule days, be set for hearing. Obviously there is a conflict between the foregoing provisions of the statute and Code, 48-2-11, which provides, among other things, that "the bill [in a suit for divorce] shall not be taken for confessed." Under this latter provision of the Code a bill for divorce is never subject to a decree *nisi* and can not be taken for confessed either at rules or in term, and when set for hearing after maturity at rules without decree *nisi* or bill taken for confessed, proof must be adduced before relief can be granted. But what was intended by the words "and when properly matured" contained in the amendment of 1935? Unless we say the words mean that when the suit is matured at rules they are meaningless. In the interpretation of a statute full effect must be given to every word if it can be done consistently with the purpose of the statute in order to make it effective if possible. *State ex rel. Herald* v. *Surber*, 83 W. Va. 785, 99 S. E. 187; *State ex rel. Churchman* v. *Hall*, 86 W. Va. 1, 102 S. E. 694; *State v. Jackson*, 120 W. Va. 521, 199 S. E. 876. In *McDermitt* v. *Newman*, *supra*, this Court, speaking through Judge Robinson, said that when the defendant in that case appeared and answered "he * * * saved the necessity of maturity there". That the Court meant maturity at rules is clear from its further language to the effect that by appearing and answering, without request for continuance, the defendant "waived his objection to hearing the cause for lack of * * * rules". The case of *Anderson* v. *Anderson*, 121 W. Va. 103, 1 S. E. 2d 884, cited by counsel for respondent Judge, in which the Court said "Where a court has jurisdiction of the [circumstances] of a suit, a party defendant may waive the right to challenge the court's jurisdiction of his person * * *. This rule is applicable to divorce cases", in our opinion is not in point. In that case process against defendant was executed by posting at the front door of defendant's usual place of abode, as disclosed by the serving officer's return, the sixty-day period required by the then statute had elapsed and defendant appeared at the term at which the case had been set for hearing and

filed his answer before the hearing date admitting the facts, which constituted proper service.

We think a proper construction of this statute leads to the conclusion that the Circuit Court exceeded its jurisdiction. We say this not only because of the express words of the statute itself but because the public policy of this State, as stated in Code, 48-2-14, is against collusion in divorce cases. True there was no collusion here, but in our opinion the Legislature did not intend to give the opportunity for collusion which would exist if respondent's view of the statute were followed. If maturity at rules is not required then parties to a divorce suit could consent to have the case set for hearing on one day and on the same day the case could be heard. This we think would do away with the cooling off period provided by Code, 1931, 48-2, which we think still exists under the 1935 amendment by the requirement that a divorce case shall be matured at rules as other chancery cases and only when so matured shall be set for hearing.

For the foregoing reasons we are of the opinion that a writ of prohibition as prayed for in relator's petition should be awarded.

*Writ awarded.*