# CHARLESTON.

## WHITE v. C. & O. RAILWAY COMPANY.

Submitted September 14, 1885.—Decided November 28, 1885.

An order is entered by the circuit court sustaining the defendant's demurrer to the plaintiff's declaration and each count thereof, which concludes as follows: "And thereupon this action is remanded to rules with leave to plaintiff to amend his declaration," and from this order the plaintiff obtains a writ of error to this Court; HELD :

I. This Court will presume, the record not showing affirmatively the contrary, that the case was remanded to rules at the instance of the plaintiff.

II. Such order is not a final judgment from which a writ of error will lie to this Court.

A statement of the case will be found in the opinion.

*E. W. Wilson* for plaintiff in error.

*J. H. Ferguson* for defendant in error.

SNYDER, JUDGE :

Writ of error to a judgment of the circuit court of Kanawha county in an action of trespass on the case brought by the plaintiff in error, C. E. White, against the Chesapeake & Ohio Railway Company to recover damages for unlawfully expelling him from the train of the defendant. The declaration contains two counts. On December 4, 1879, the court overruled the defendant's demurrer to the declaration and continued the case. The last order in the case, the one to which this writ of error was allowed, was entered April 9, 1883, and is as follows.

"This day came again the parties to this action, by their attorneys, and thereupon on motion of defendant, after objection by plaintiff, the plaintiff is required to withdraw his joinder to the plea heretofore entered by the defendant herein, and the same having been done, the defendant likewise, after objection by the plaintiff, withdraws its plea of not guilty entered herein; and thereupon with the leave of the court, and also after objection by the plaintiff, the demurrer to the plaintiff's declaration, and each count thereof, heretofore entered herein, was again argued by counsel for the respective parties; and the matters arising thereon having been considered, the court is of opinion to and doth accordingly sustain the said demurrer to the declaration and each count thereof; to which plaintiff excepts and objects. And thereupon this action is remanded to rules with leave to the plaintiff to amend his declaration."

It is contended by the defendant in error that no final judgment has been rendered; that so far as the record discloses the case is still pending at rules, and therefore this writ of error should be dismissed as having been prematurely and improvidently awarded.

On the face of the order it does not appear that the action was remanded to rules upon *the motion* of the plaintiff. It is certain that the plaintiff can not be compelled to amend his declaration. Whether or not he will do so, is necessarily at his option. Even after leave has been granted to do so on his motion he may decline to amend either because his case can not be improved, or because, upon more mature consideration, he is satisfied no amendment is necessary. In such

case it would be folly for the court unasked to compel the plaintiff to go to rules to amend or to require him to amend after he had gone to rules on his own motion. The plaintiff is presumed to know his cause of action and what facts constitute it. Where he has made all the averments he deems necessary or all he can sustain by proof, of which he alone must be the judge, it is not for the court unasked to send the action to rules, and it would be irregular and improper for it to do so. In a proper case the court upon sustaining a demurrer to a declaration or bill should, *when asked to do so*, grant leave to amend, but it can not remand the case to rules or order an amendment against the will of the plaintiff. Therefore, while the order in this case might give some countenance to the suggestion that the court did of its own motion send the action to rules, still as we can not presume that the court committed an error or acted improperly, we must infer that the order, sending the case to rules for the plaintiff to amend his declaration, was made at the instance of the plaintiff. This view is strengthened by the fact that the plaintiff objected to every direction given in said order except the one remanding the case to rules.

The statute providing for writs of error declares that : " In civil cases where the matter in controversy, exclusive of costs, is of greater value or amount than $100.00, wherein there is *a final judgment*, a writ of error will lie." Sec. 1, chap. 157, Acts 1882, p. 505.

There are certain specified exceptions to this general rule mentioned in the statute, but none of them have any application to the case before us.

It is certain that there is no final judgment in this case. In order to be such there should have been a judgment for the defendant on its demurrer to the declaration. That would have ended the action with costs against the plaintiff in the circuit court, and entitled him to a writ of error to this court. The plaintiff instead of bringing the case to this Court should, if he did not desire to amend his declaration, have informed the court of that fact and permitted a judgment for costs in favor of the defendant to be entered against him. We cannot presume the court would have refused to enter such judgment if informed that the plaintiff did

not wish to amend.   If the court should have done so against the protest of the plaintiff, and that fact appeared affirmatively in the record, a different question from that here decided would have been presented.   I am therefore of the opinion that the writ of error in this case must be dismissed as having been prematurely and improvidently awarded.

Having thus determined that this writ of error should be dismissed, it might seem unnecessary to refer to the merits of the case because it may come back here upon the same record, and any opinion now given would not then be obligatory, and would readily be departed from, if upon further consideration we should be dissatisfied with it.   But as I have carefully considered the merits, and as an expression of opinion thereon may be some guide to the parties and perhaps save future litigation between them, I have concluded to state the result of my investigation of the merits and some of the reasons therefor, especially as the other judges think there is no impropriety in my doing so.   There are many precedents for pursuing this course among which are the following cases :   *Wells* v. *Jackson,* 3 Munf. 458 ; *Goldsby* v. *Strother,* 21 Grat. 107 ; *Steenrod* v. *Railroad Co.,* 25 W. Va. 133–38.

The only question on the merits is whether or not the court erred in sustaining the demurrer to the declaration. The first count avers, in substance, that the defendant was a common carrier of passengers and freight for hire ; that on August 9, 1879, at the request of the defendant, the plaintiff became a passenger in one of its carriages to be carried from Charleston to Paint Creek ; that after the defendant had received the plaintiff as such passenger and after the train had departed from Charleston the defendant caused the train to be stopped " and then and there wilfully, wantonly, insultingly, oppressively, unjustly and unlawfully demanded and required the plaintiff to quit said carriage in which he had become a passenger as aforesaid, and expelled him, the plaintiff, therefrom."

The substance of the second count is, that the defendant, being a common carrier as set out in the first count, had a depot and ticket office at Charleston ; that the price of a ticket for a passenger between Charleston and Paint Creek was fifty-five cents ; that the plaintiff desiring to travel from

Charleston to Paint Creek on the defendant's train went to
its ticket office at Charleston a reasonable time before the
departure of the train to purchase a ticket and had the money
to pay for the same, but by the neglect of the defendant its
ticket agent was absent and no person could be found to sell
him such ticket; that he informed the conductor of the train
of his inability, on account of the absence of the ticket agent,
to purchase a ticket, and was thereupon, immediately before
the departure of the train from said depot, told by the con-
ductor to get upon the train and he did so; that after the
plaintiff had thus become a passenger upon the defendant's
train he then and there tendered to said conductor, and was
ready and willing at any and all times while on the train to
pay the said sum of fifty-five cents, the price of a ticket from
Charleston to Paint Creek, together with an additional
charge of ten cents, to be carried on said railway from
Charleston to Paint Creek, but the said conductor after the
departure of the train from Charleston demanded of the
plaintiff $1.00 as the fare for carrying him from Charleston
to Paint Creek on said train, which sum the plaintiff refused
to pay, whereupon the said conductor caused the train to be
stopped at a distance of three miles from any depot, station or
stopping place on its railway, " and then and there wilfully,
wantonly, insultingly, oppressively, unjustly and unlawfully
demanded and required of the plaintiff to quit said train on
which he had become a passenger as aforesaid and expelled
him, the plaintiff, therefrom;" wherefore he says he is injured
and damaged $5,000.00, &c.

It seems to me that both of these counts are good and that
either of them sufficiently sets forth a cause of action. Our
statute declares that, "No action shall abate for the want of
form, when the declaration sets forth sufficient substance for
the court to proceed upon the merits of the case." Sec. 9,
ch. 125, Code, p. 600. And in sec. 29 of the same chapter
it is declared that, "On demurrer the court shall not regard
any defect or imperfection in the declaration. *   *   *
unless there be omitted something so essential to the action
*   *   * that judgment according to law and the very
right of the cause can not be given."

In *Hawker* v. *B. & O. R. R. Co.,* 15 W. Va. 628, this Court

held that, "A declaration against a railroad company for negligently and wrongfully killing the plaintiff's cattle on its track, need not state the acts of omission or commission which constituted the negligence and wrong." These are matters of proof and need not be specified in the declaration. *Blaine* v. *C. & O. R. R. Co.*, 9 W. Va. 252; *Baylor* v. *B. & O. R. R. Co., Id.* 270.

It is unquestionable law, that the conductor of a railroad train represents the corporation in the control of the locomotive and cars, the regulation of the conduct of the passengers as well as the subordinate servants of the company, and the collection of fares. He may even eject from his train a passenger for any proper cause. *O'Brien* v. *Boston, &c., R. R. Co.*, 15 Gray 20.

It is also well settled that a corporation is liable for the wilful acts and torts of its agents committed within the general scope of their employment, as well as for their acts of negligence; and the corporation is thus liable although the particular acts were not previously authorized, nor subsequently ratified by the corporation. *Ramsden* v. *Boston, &c., R. R. Co.*, 104 Mass. 117; *P. & R. R. Co.* v. *Derby*, 14 How. 468; *Jeffersonville R. R. Co.* v. *Rogers*, 38 Ind. 116.

In *Tarbell* v. *C. P. R. R. Co.*, 34 Cal. 616, the declaration was substantially the same as the second count in this case and a demurrer to it was overruled. In that case the court decided that, "In actions for breach of duty by a railroad company in not carrying a passenger it is not necessary for the plaintiff to allege in his complaint a strict legal tender. It is sufficient to allege that the plaintiff was ready and willing and offered to pay such sum of money as the defendant was legally entitled to charge. The transportation and payment of the fare are contemporaneous acts." It was also held in that case, "A railroad company is not justified in refusing to carry a passenger already admitted into its cars and the journey commenced, who, upon demand of his fare, tenders only legal tender notes in payment. In such case the contract is already made and in process of performance and the kind of money to be paid is no longer an open question."

It is the duty of a railroad company, or other common-

carrier, to receive all persons as passengers who offer to become such. This duty results from their setting themselves up for a public and common employment for hire and a breach of it is a breach of the law for which an action lies. This obligation is, however, subject to the qualifications, that the regular fare be tendered or an offer made to pay it, that the applicant is not an unfit person to be received and there is room for him. It is also subject to the further qualification that the railroad company may prescribe all reasonable regulations in respect to the admission of persons into their trains, depots, &c., and enforce compliance therewith in a proper manner.' Ang. on Car., secs. 525, 530.

While it is essential that the declaration should aver, that the plaintiff was willing and ready to pay the defendant the amount the defendant was legally entitled to charge for the carriage of the plaintiff and his baggage, it is not necessary that he should make an absolute tender. It is sufficient if the plaintiff is ready to pay when the defendant undertakes the duty, the payment of the fare and the receipt of the passenger are contemporaneous acts and there is no positive duty to pay on the part of the plaintiff until there is a consent to receive him as a passenger. Ang. on Car., secs. 418, 590; *Pickford* v. *Grand Junction R'y. Co.*, 8 M. & W. 372; *Rawson* v. *Johnson*, 1 East 203; 4 Rob. Pr. 778.

The record does not disclose the grounds on which the demurrer to the plaintiff's declaration in this case was sustained and as we have been furnished with no argument or brief by the defendant in error on that subject, we are left entirely to conjecture as to the grounds upon which the circuit court acted. While the declaration seems to me plainly sufficient, I have thought it proper, in the absence of any specific objection to it, to state some of the general principles of law applicable to actions of this nature.

The first count avers not only a breach of duty on the part of the defendant as a common carrier of passengers but it avers a breach of contract on its part. The averments are that the plaintiff at the request of the defendant had become a passenger on its train and that after he had been received as such passenger and had been carried a part of his journey, the defendant stopped the train three miles from any

stopping place or station and then and there wantonly and unlawfully required him to quit the train and expelled him therefrom.

If there was any legal cause for ejecting the plaintiff from the train after he had been accepted as a passenger, that is a matter of defence which it was unnecessary to refer to or specifically negative in the declaration. The acceptance of the plaintiff as a passenger was an admission by the defendant that it had room for him, that he was a proper person to be received and that he had complied with its reasonable regulations including his obligation to pay the proper fare. If after being so accepted he failed to pay his fare or became obnoxious for any other cause, this was a matter of defence. The general averment of the declaration that he was wantonly and unlawfully expelled from the train was sufficient to make a *prima facie* cause of action and put the burden of showing that the plaintiff was properly ejected on the defendant.

The second count, according to the general rules and principles of law before stated, is so plainly sufficient that any further comment on it is unnecessary.

DISMISSED.