# CHARLESTON.

## BOSWORTH v. WILSON.

Submitted January 12, 1905.    Decided January 31, 1905.

DEMURRER---*Appeal.*

> An order merely sustaining a demurrer to a bill in equity, not dismissing the bill, is not appealable.   (p. 81.)

Appeal from Circuit Court, Randolph County.

Bill by A. S. Bosworth and another against W. G. Wilson and others.   From an order sustaining a demurrer to the bill, complainants appeal.

*Dismissed.*

W. B. MAXWELL, for appellants.

DAILY & BOWERS, for appelles.

Brannon, President.

To a bill in equity in the circuit court of Randolph county filed by Bosworth and Rumbarger against Wilson and others a demurrer was entered, and the court made an order which sustained the demurrer and gave leave to file a second amended bill.

From this order an appeal has been taken.

This Court cannot consider the merits. The law gives it no jurisdiction of an appeal from such a decree, for want of finality. The order is interlocutory. The court can retract it and make an opposite ruling. An order merely sustaining a demurrer, but not dismissing the bill, is not appealable. It is a mere opinion not carried out. *Gillespie* v. *Coleman*, 98 Va. 276; 2 Ency. Pl. & Prac. 114; 2 Cyc. 605. The case of *White* v. *C. & O. R. Co.*, 26 W. Va. 800, rules this case. It holds that an order sustaining a demurrer and giving leave to amend a declaration is not appealable.

Even if the feature of leave to amend were absent, and it were only an order sustaining a demurrer, no appeal would lie; but that feature makes it plainer that the order is not final. 2 Cyc. 605; 607; 2 Ency. Pl. & Prac. 114. See *Hannah* v. *Bank*, 53 W. Va. 82.

The case of *Gillispie* v. *Coleman*, *supra*, holds that there is no appeal whether the order sustains or overrules a demurrer. *Parsons* v. *Snyder*, 42 W. Va. 517, holds that an order overruling a demurrer will not support an appeal.

We dismiss the appeal as improvidently granted.

*Dismissed.*