# CHARLESTON.

RITCHIE COUNTY BANK v. COUNTY COURT OF RITCHIE COUNTY.

Submitted June 11, 1908.   Decided February 23, 1909.

1. APPEAL AND ERROR—*Decisions Reviewable—Reversal of Inferior Court and Remand.*

    If a circuit court reverse an order of an inferior court, sustaining a demurrer, and overrule the demurrer, and remand the case, it being one in which a remand is proper, the judgment of the circuit court is not appealable. (p. 209.)

2. TAXATION—*Assessment—Review.*

    There can be no appeal from, or writ of error to, a judgment or order of a circuit court, rendered or made on an appeal from an order of a county court, in respect to an erroneous assessment of property, involving only a question of valuation. (p. 209.)

Error to Circuit Court, Ritchie County.

Proceedings in the County Court by the Ritchie County Bank for relief from an erroneous assessment for taxation. The County Court sustained a demurrer to the petition and dismissed it, and the bank appealed to the circuit court, where the judgment of the County Court was reversed and the cause remanded, and the County Court brings error.

*Writ Dismissed.*

S. M. HOFF and S. A. POWELL, for plaintiff in error.

SHERMAN ROBINSON, for defendant in error.

POFFENBARGER, JUDGE:

The county court of Ritchie county obtained a writ of error to a judgment of the circuit court of said county, rendered on an appeal from an order of the county court, made in a proceed-

ing instituted therein by the Ritchie County Bank for relief in respect to taxation. It showed by its petition, filed in the county court, that, for the year 1905, it was taxed on a valuation, its real estate excluded, of $3,373.65, which result had been reached by deducting from the total of its assets, the value of stocks held by it in other corporations; that, for the year 1906, the assessor had not only refused to allow such deduction, but had added to the valuation for that year the amount of the deduction obtained the preceding year, on the theory of a failure of the bank to make a full return of its property as required by the statute; and that it had paid the taxes charged on such valuation for the year 1906. In other words, deductions were refused in 1906, and the bank charged with back taxes on account thereof. Averring the assessment to have been erroneous, it prayed for a correction thereof and an exoneration as to the taxes erroneously charged and paid. The county court sustained a demurrer to the petition and dismissed it. On appeal, the circuit court reversed the judgment and remanded the cause to the county court. Nothing further appears by the record to have been done.

Even if this Court had appellate jurisdiction in this class of controversies, there is no final judgment. A writ of error does not lie to a judgment merely overruling a demurrer. *Parsons* v. *Snider,* 42 W. Va. 517; *White* v. *Chesapeake &c. Ry. Co.,* 26 W. Va. 800. Aside from the reversal of the order of the county court, the circuit court has done nothing more than overrule the demurrer. In doing that, it merely rendered the judgment the county court, in its opinion, should have rendered, and the case stands as if the county court had overruled it. So viewing it, we think the authorities cited are applicable. But there is another decision, denying jurisdiction here to review an order of a circuit court, reversing the judgment of an inferior court and remanding the case. *State* v. *Drug Co.,* 41 W. Va. 638.

But if the status of the case were different, there is no appellate jurisdiction in this Court of cases of its class. *Bluefield Water Works &c. Co.* v. *The State,* 63 W. Va. 480.

For the reasons stated, the writ of error will be dismissed as having been improvidently awarded.

*Writ Dismissed.*