# CHARLESTON.

KIRK. v. THE CAMDEN INTERSTATE RAILWAY COMPANY.

Submitted June 4, 1909. Decided December 14, 1909.

1. APPEAL AND ERROR—*Final Judgment.*
    A case dismissed for want of finality of judgment. (p. 487).

Error to Circuit Court, Cabell County.

Action by Paris Kirk against the Camden Interstate Railway Company. Judgment for defendant, and plaintiff brings error.

*Dismissed.*

*George I. Neal,* for plaintiff in error.

*Vinson & Thompson,* for defendant in error.

BRANNON, JUDGE:

This is an action by Paris Kirk against The Camden Inter-State Railway Company to recover damages for injury from the cars of said company. There was a verdict for One Thousand Dollars for the plaintiff conditional upon a demurrer to evidence entered by the defendant. The court sustained the defendant's demurrer to evidence. The order of the court is as follows: "It is therefore considered by the Court that the defendant's demurrer to the evidence aforesaid be and the same is sustained, and that the defendant recover of and from the plaintiff its costs about this suit in this behalf expended." This is no final judgment to warrant a writ of error. It does not pass on anything but costs. It leaves the merits between the parties untouched. We have often and often decided that this will not do for a writ of error. *Ritchie County Bank* v. *Bee,* 60 W. Va. 386; *DeArmit* v. *Town of Whitmore,* 63 *Id.* 300; *Hanna* v. *Bank,* 53 *Id.* 82. There should have been the old common law judgment of *nil capiat,* that the plaintiff take nothing by his action, to warrant a writ of error. *Riley* v. *Jarvis,* 43 W. Va. 44; *Parsons* v. *Snider,* 42 *Id.* 517; *Buehler* v. *Cheuvront,* 15 *Id.* 479.

We dismiss the writ of error as improvidently granted.

*Dismissed.*