# CHARLESTON.

GEORGIA E. GULLAND v. GRACE GULLAND *et al.*

Submitted January 9, 1918.　Decided January 15, 1918.

1. APPEAL AND ERROR—*Certified Questions—Statutes.*

    Being neither final nor appealable, but nevertheless dispositive of a question of pleading, a decree sustaining a demurrer to a part of a bill and dismissing it as to such part, may be certified for review, under the last clause of sec. 1 of ch. 135 of the Code of 1916. (p. 488).

2. WILLS—*Construction of Instruments—"Codicil."*

    An instrument signed and attested in the manner prescribed for attestation of wills and reading as follows: "I hereby certify that I have heretofore made a will disposing of all my estate, which will has never been revoked by me," is a codicil and sufficiently describes the will of which it is intended to be a part, provided the person executing it had previously made only one will. (p. 488).

3. SAME—*Codicil—Republication.*

   Such a codicil effects a republication of the will previously made and sufficiently expresses intent to revive it, in so far as it may be deemed to have been revoked by reason of the nonexistence of children of the testator at the date of the execution thereof and the birth of such children between such date and that of the execution of the codicil.   (p. 490).

Certified Case from Circuit Court, Randolph County.

Suit by Georgia E. Gulland against Grace Gulland and others.  Demurrer to part of bill sustained, and bill dismissed as to such part, and questions certified.

*Reversed and bill reinstated.*

*S. T. Sparks,* for plaintiff.

POFFENBARGER, JUDGE:

Under a provision of section 1 of ch. 135 of the Code of 1916, the upholding of a demurrer to a part of a bill in equity and dismissal of the bill as to such part are certified by the court for review here.  As the decree is neither final nor appealable and the question disposed of is one of pleading, the certificate falls within both the terms and spirit of the statute and is, therefore, well founded.  Seeing the desirability of settlement of basic questions of procedure, in advance of preparation for final hearing and disposition of causes, with the incident labor, expense and consumption of time, the legislature has provided therefor by this act.  Postponement of review of the question here presented, until after a final or appealable decree, would obviously inflict the suspense, inconvenience and delay from which it was the legislative purpose to relieve.

By the portion of the bill so disposed of, the plaintiff set up title in herself, as devisee, to the real estate of which her husband died seized and possessed, upon the following allegations of fact: The husband having no children at the time, executed a will, March 22, 1910, by which he gave her, after the payment of his debts and two conditional legacies, one to his father and the other to his brother, all of his estate both real and personal.  Two children were born to him after-

wards, one July 21, 1911, and the other January 25, 1913. He died in March 1914, after having executed February 16, 1914, an alleged codicial which reads as follows: "I hereby certify that I have heretofore made a will disposing of all my estate, which will has never been revoked by me.    John Saudilands Gulland. (Seal)." This instrument was attested by the number of witnesses, requisite to the attestation of a will or codicil.

If the execution of the codicil did not effect a republication or revival of the will, the gifts made to the wife are conditional and may never take effect.    Section 16 of ch. 77 of the Code, provides that if any person die leaving a child and leaving a will made when such person had no children living, wherein any child he might have is not provided for or mentioned, such will, except so far as it provides for the payment of the debts of the testator, shall be construed as if the devises and bequests therein had been limited to take effect, in the event the child shall die unmarried and without issue. Being of the opinion that the execution of the codicil did not amount to a republication or remaking of the will, after the birth of the children, the trial court held that the plaintiff has not now any title to the real estate of which her husband died seized and possessed, and accordingly dismissed the bill as to so much thereof as sought establishment of such title in her and dissipation of the cloud cast thereon by the birth of children, after the execution of the will in which they were not mentioned nor referred to in any way.

Though it may not be important here, there is a well defined distinction between republication of a will and revival of a revoked will.    In the former case, a codicil without disclosure in its terms or on its face, of intent to republish, suffices.    To effect revival of a revoked will, a codicil must show intention to revive.    *Francis* v. *Marsh,* 54 W. Va. 545, 558; Williams on Executors, Am. Ed., Vol. 1, p. 254; *Bilke* v. *Roper,* 45 Ch. Div. 632.    The difference arises out of the statutes providing for revival and saying a revoked will shall be revived, in the manner prescribed, only to the extent to which an intention to revive it is shown.    Section 16 of ch. 77 of the Code, did not wholly revoke or annul the will, on

the account of the birth of children after it was made, but it wrought a very decided modification or change in its effect. It made the absolute bequests and devises conditional. Section 8 of that chapter provides that no will or codicil, or any part thereof, which shall be in any manner revoked, shall, after being revoked, be revived otherwise than by reexecution thereof, or by a codicil executed in the manner prescribed for the execution of wills; and the effect produced by section 16, in cases of this kind, may amount to a partial revocation, remediable only by revival in accordance with the provisions of section 8. However this may be, principles declared and precedents referred to in *Francis* v. *Marsh,* cited, amply sustained the view that the codicil exhibited with the bill, if proved and established, sufficiently discloses intention to revive.

The instrument has no caption, name or designation, it refers to no will by date or other particular description and it does not in express terms declare intention to republish or revive. But it was executed by the maker of the previously executed will in the manner prescribed by law for the execution of wills and codicils and describes the will generally. Since it makes no disposition of property, by its own unaided terms, it cannot be deemed a complete will, but a paper executed in solemn form, as it was, must be allowed some effect, if possible, under the maxim, *Ut res magis valeat quam pereat.* As it contains words connecting it with a will, it may be deemed and held to be a codicil of the will to which it refers, without the slightest impropriety, unless the connection between it and the will fails for lack of definiteness and certainty in the description. It does not, for that is certain which may be rendered certain. The reference is to a will previously made by John S. Gulland and such a will has been produced. In the absence of proof that he had previously made any other will, this suffices. *Neate* v. *Pickard,* Prerog. T. T. 1843, cited in Williams, Ex'rs., 64 Am. Ed., 254.

The codicil sufficiently discloses on its face, intention to revive the will, in so far as it may be deemed to have been revoked, and the mere execution thereof and its verbal con-

nection with the will effects republication, if that is necessary to make it effective and operative agreeably to its terms.

The will referred to can be none other than Gulland's, wherefore the codicil necessarily treats it as his will. Though the first part of it is no more than the recital of a past act, the other portion is clearly adoptive. His declaration that he has never revoked it can be nothing other than an expression of his will and desire, at the time of the making of the declaration, that it remain effective. He is deemed to have known his will had been legally altered by the birth of children, and that it could be restored only by reexecution or by the execution of a codicil. For the latter purpose, he prepared and signed this paper, "as and for his last will and testament," and called witnesses to the fact and had them subscribe their names as such. Though the mere execution of a codicil would not revive a revoked will, the circumstances under which the words, "which will has never been revoked by me," were used, shed light on their meaning. They are not apt, it is true, but, in the interpretation of wills, forms of expression are not deemed important. Unless he intended to revive the will, the words he used were meaningless and ineffective. If he had said "and it is my will and desire that said will shall be effective, notwithstanding the birth of my children, since execution thereof," his language would have clearly expressed intent to revive it. The words he did use necessarily carry the same intention, for it must be presumed he employed them for the accomplishment of some purpose.

From this conclusion it follows that the court erred in holding so much of the bill as set up title in the plaintiff insufficient and dismissing it as to such portion. In so far as it sustained the demurrer and dismissed the bill, the decree will be reversed and the bill reinstated.

*Reversed and bill reinstated.*