# CHARLESTON.

JAMES L. GARRETT *v.* ELIZA A. B. GARRETT *et als.*

Submitted May 9, 1922.   Decided May 16, 1922.

1. APPEAL AND ERROR—*Decree Sustaining Demurrers to Answer But Not Dismissing the Answer or Striking it From Record, Held Not Appealable.*

   A decree sustaining a demurrer to an answer setting up new matter as ground for affirmative relief and praying for such relief, but not rejecting nor dismissing the answer nor striking it out of the record, nor in any way awarding any relief upon the bill, is not appealable.   (p. 244).

2. SAME—*Interlocutory Decree to be Appealable Must Come Within Statutory Provision Authorizing Such an Appeal.*

   To be appealable, an interlocutory decree must in some way put into effect some finding of law or fact, in the cause, and also be of such character as to bring it within some statutory provision authorizing an appeal from an interlocutory decree.   (p. 244).

3. SAME—*Decree Sustaining Demurrer Held Not Appealable as Settling Principles of Cause.*

   A decree merely sustaining a demurrer to an answer in the nature of a cross-bill and awarding no relief upon the plaintiff's bill in any way, is not one settling the principles of the cause.   (p. 244).

Appeal from Circuit Court, Hardy County.

Action by James L. Garrett against Eliza A. B. Garrett and others.   From a decree, which was not final, the defendants appeal.

*Appeal dismissed, as improvidently awarded.*

*John J. Cornwell* and *J. S. Zimmerman,* for appellants.
*M. W. Gamble,* and *Geo. E. Price,* for appellee.

POFFENBARGER, PRESIDENT:

Although the question of appellate jurisdiction of this cause in its present condition has not been raised by a motion to dismiss nor otherwise, it is apparent that the appeal was improvidently awarded and the ruling complained of

cannot be reviewed at this time. The decree is not in any sense final nor does it settle the principles of the cause, within the meaning of the statute as defined by our decisions.

The bill seeks construction of a will. In the answer, its principal allegations, if not all of them, are admitted, but new matter is set up in the answer, as ground for affirmative relief. It is averred that the testator was incapable, by reason of mental infirmity, of making a will, and an issue of *devisavit vel non* is prayed for. In other words, the answer proposes to defeat the claim for relief, by impeachment of the probated will. A demurrer to it was sustained and leave granted the defendants to amend. It was not dismissed, rejected nor stricken out of the record, nor was there any decree upon the bill in any form.

Even an interlocutory decree, to be appealable, must carry some sort of a finding into effect. A mere expression of judicial opinion upon some legal question does not suffice, even though recorded by an order entered in the cause. In the most liberal decision upon the question of appealability of interlocutory decrees now recalled, *Reed* v. *Cline*, 9 Gratt. 136, the decree directed an issue out of chancery. It ordered something to be done, and, in so doing, incidentally applied principles which were deemed to have laid the basis for determination of the controversy. A decree merely sustaining a demurrer to a bill is not appealable. *Bosworth* v. *Wilson*, 57 W. Va. 80; *Commercial Bank* v. *Rucker*, 2 Va. Dec. 350; *London etc. Co.* v. *Moore*, 98 Va. 256. Nor is an order overruling a demurrer appealable. *Parsons* v. *Snider*, 42 W. Va. 517. If this answer could be regarded or treated as an original bill, the order sustaining a demurrer to it, but not dismissing it, would not come within the appellate jurisdiction of this court.

There is no right of appeal from an interlocutory decree, unless given by statute. *Bosworth* v. *Wilson*, cited. One of the several instances in which it is allowed, is the case of a decree settling the principles of the cause, but the decree we are asked to review does not settle the principles of the cause, within the meaning of the statute. It simply passes

upon one legal question. There is no decree of any kind upon the bill. To be appealable as one settling the principles of a cause, a decree must pass upon all of the basic issues involved. *Hill* v. *Cronin*, 56 W. Va. 174; *Wood* v. *Harmison*, 41 W. Va. 376.

For the reasons stated, the appeal will be dismissed as having been improvidently awarded.

*Appeal dismissed, as improvidently awarded.*