RALEIGH COUNTY CONSTRUCTION COMPANY *v.* AMERE GAS UTILITIES COMPANY *et al.*

(Nos. 7105 and 7105-A)

Submitted January 26, 1932.    Decided February 2, 1932.

*D. D. Ashworth, J. Q. Hutchinson,* and *Ben H. Ashworth,* for appellants.

*J. W. Maxwell,* for appellee Amere Gas Utilities Co.

HATCHER, PRESIDENT:

This cause was referred to a commissioner (to state an account, etc.) at the May term, 1930, of the circuit court of Raleigh County.  The commissioner gave legal notice to creditors of the defendant Gas Company to present their claims before him on July 21st.  On that date, the plaintiff Construction Company and the petitioners, Sayre and Bowers.

presented evidence of their respective claims. The defendant made no appearance before the commissioner until after he had completed his report, when it requested him to withhold the report until its attorney could further investigate the matters in controversy. The commissioner refused this request, and filed his report at the August term of the circuit court. At that term, the defendant filed exceptions to the report and demurred to and answered the bill and the petition. The court sustained the demurrers; the cause was appealed to this Court where it was reversed and remanded. See *Construction Co.* v. *Gas Co.*, 110 W. Va. 291.

Shortly before the May term, 1931, of the circuit court the defendant took some depositions. At the May term, the Construction Company and Sayre and Bowers moved the court to suppress the depositions of the defendant, to pass upon and overrule its exceptions to the commissioner's report, to confirm the report and to enter a decree in their favor thereon. The defendant was permitted to file further exceptions to the commisioner's report and to file its depositions. Thereupon the court decreed that in order to do complete justice to the parties, it was necessary that the cause be recommitted to a commissioner to state the account between them, which was done, and the commissioner was directed to consider any relevant and proper testimony already taken as well as all such further testimony as the parties might offer. From this decree, the Construction Company and Sayre and Bowers secured appeals.

The first question which confronts us, is whether the decree complained of is appealable. The law governing appeals is purely statutory. See Code 1931, 58-5-1. In order to sustain the appeal in this cause the decree must be (1) final, or (2) require the payment of money, or (3) adjudicate the principles of the cause, or (4) grant a rehearing. It is settled under our decisions that the mere recommittal of a cause to a commissioner is not a final but an interlocutory decree and is not appealable. *Hooper* v. *Hooper*, 29 W. Va. 276, 1 S. E. 280; *Kanawha Lodge* v. *Swann*, 37 W. Va. 176, 16 S. E. 462; *Bank* v. *McGraw*, 85 W. Va. 298, 101 S. E. 474. No payment of money is required by this decree and it contains

no hint even of an adjudication of the principles of the cause. The appellants contend that the defendant did not use proper diligence to prepare and present its case before the commissioner in July and August, 1930, and that to give it further opportunity to submit evidence is in effect granting it a rehearing. We do not follow this contention as there has not yet been *a hearing* on the merits of the cause. Appellants say, however, that they were entitled to a hearing on the commissioner's report at the May term, 1931, under Code, 56-7-1, which provides as follows: ''Whenever the commissioner to whom any such cause or action was referred has made up and filed his report, and there appears therefrom or from the evidence filed therewith, or from the pleadings and evidence of the whole case, sufficient facts upon which the court can decree or enter judgment, the same shall not be recommitted for further report, but a decree or judgment shall be entered therein, acording to the law and the very right of the case as disclosed from the whole record.'' This statute is designed to prevent recommittals which are unnecessary; it is not intended to hurry trial courts into premature judgments. Recommittals are inhibited by the statute only when there have been presented ''sufficient facts upon which the court can decree or enter judgment * * * upon the very right of the case.'' Since different courts may very well differ upon what facts are sufficient to establish ''the very right of the case,'' the discretion of trial courts thereon must be respected, unless the statute has been wilfully disregarded. The evidence heretofore submitted to the commissioner by Sayre and Bowers was not prepared entirely on the theory upon which their mechanic's lien was sustained in this Court. The exceptions of defendant to the commissioner's report question the sufficiency of the proof of certain items claimed by the Construction Company. We cannot say that the trial court has abused its discretion in calling for more exact proof of the several claims.

Therefore, both appeals are dismissed as improvidently awarded.

*Dismissed.*