A. C. KINKEAD v. TONY SECURO

(No. 7242)

Submitted October 25, 1932. Decided November 1, 1932.

*Geo. M. Ralphsnyder,* for appellant.

MAXWELL, JUDGE:

This review involves questions of procedure and right to appeal from a decree overruling the demurrer to an answer and directing a reference to a commissioner in chancery.

To the plaintiff's bill, which had for its purpose the winding up of the affairs of a partnership and the obtaining of a decretal judgment by the plaintiff against the defendant, the defendant's demurrer was overruled. The court required him to answer within thirty days after the adjournment of the term at which the order was entered. An answer was not filed within the period fixed by the court, but about two months thereafter, at a succeeding regular term of said court, the defendant tendered an answer. The court's order which was then entered reads: "Whereupon the said defendant, by his attorney, moved the court for permission to file his answer in this cause, which answer being seen by the court is permitted to be and is hereby filed; whereupon the plaintiff, by his attorney, moved the court for permission to file his demurrer in writing to said answer of the defendant, which demurrer in

writing being seen by the court is permitted to be and is hereby filed; and which demurrer the court overruled * * *." This portion of the order is immediately followed by a reference of the cause to a commissioner in chancery for purposes designated in the order.

When the belated answer was tendered the plaintiff had a right to object to its being filed because the defendant had ignored the requirement of the court that the answer be filed within a specified time. Code 1931, 56-4-56, provides that if a defendant fail to answer a bill within fifteen days after the overruling of his plea or demurrer, or within such extended time as the court may award, the plaintiff shall be entitled to a decree against the defendant as prayed for in the bill. This is a drastic departure from our former procedure which permitted an answer to be filed at any time before final decree. Code 1923, chapter 125, section 53. *Ash* v. *Lynch*, 72 W. Va. 238, 78 S. E. 365. And under that statute the court could not properly limit that right by any rule or order made in the cause. *Blumberg Bros.* v. *King*, 98 W. Va. 275, 127 S. E. 47.

Under our revised procedure the only manner of challenging the sufficiency of an answer or other pleading is by demurrer. Code 1931, 56-4-36, 65. But it was not the purpose of the plaintiff to challenge the sufficiency of the answer. He was undertaking to object to its being considered at all by the court because not filed within the time fixed by the court. This appears from the so-called demurrer which was filed by the plaintiff. It fully and clearly set forth that the grounds of the plaintiff's objection, by whatever term designated, were that the answer had not been filed in time. This was not a demurrer because it did not pertain to matters appearing on the face of the answer. And, although improperly denominated a demurrer, the court should have treated it for what it was in fact, namely, an objection to the filing of the answer. Such matters should be considered in substance rather than in form. "In chancery pleadings it is the disposition and practice of courts of equity to regard substance rather than form or name, and to so mold and treat the plead-

ings as to attain the real justice of the case.'' *Hale* v. *Hale,* 104 W. Va. 254, 139 S. E. 754. Treating the so-called demurrer as an objection to the filing of the answer, the court should have sustained the said objection and not permitted the answer to be filed.

Other difficulties, however, lie in our path. The bill is not so framed as to afford the definite information necessary as the basis for a decree *pro confesso.* The plaintiff must take proof upon order of reference or otherwise. So, although the defendant by his delay forfeited his right to answer, the plaintiff was not in position to take a decree as prayed for in his bill.

And, after all of this is said, we are faced with the proposition that the decree from which this appeal was attempted is a mere interlocutory decree, in no wise decisive of any principle of the case. ''To be appealable, an interlocutory decree must in some way put into effect some finding of law or fact, in the cause, and also be of such character as to bring it within some statutory provision authorizing an appeal from an interlocutory decree.'' *Garrett* v. *Garrett,* 91 W. Va. 243, 112 S. E. 494. Inasmuch as the decree does not involve an adjudication of any principle involved in the case nor of its merits, and does not come within any statutory exception permitting appeals from interlocutory decrees in certain instances, it follows that the appeal must be dismissed as improvidently awarded.

Perhaps some of the observations we have made in this opinion are not altogether required in the state of the record, but inasmuch as the case will go back for further proceedings we deemed it advisable to discuss the procedural matters involved.

<div align="right">

*Dismissed.*