P. R. Cost *v.* K. C. MacGregor *et al.*

(No. 9167)

Submitted April 16, 1941. Decided May 20, 1941.

*Columbus ·Wetzel,* for appellant.
*Kay, Casto & Amos* and *William Beasley,* for appellees.

Fox, Judge:

This is an appeal from what is termed in the petition

therefor as a final decree of the Circuit Court of Kanawha County entered on the 16th day of October, 1940, in a suit in which P. R. Cost is plaintiff, and K. C. MacGregor, Maybelle MacGregor, and the Federal Land Bank of Baltimore, a corporation, are defendants. The controversy is one between the plaintiff and the MacGregors, and the point at issue, so far as developed by the record, is the application of the statute of limitations (Code, 55-2-6) to the case presented by the bill, a plea of the statute of limitations thereto, and a demurrer to said plea. The trial court overruled the demurrer to the plea and sustained the same, and while the suit was not dismissed, the parties treat the action of the court as a final decree denying relief to the plaintiff. From this decree or order, we awarded an appeal.

On February 1, 1929, Cost-MacGregor Co., Inc., executed its negotiable promissory note for five thousand ($5,000.00) dollars, payable to P. R. Cost, K. C. MacGregor and Maybelle B. MacGregor in one hundred twenty days. This note was indorsed by the payees and discounted at the Union National Bank at Clarksburg. The obligation of the indorsers was equal, the indorsement being joint. The note was not paid by the maker, was duly protested for non-payment, and paid by P. R. Cost on October 31, 1929, the amount paid, including interest, being $5,122.40. At the time of this payment, the bank made the following indorsement on the back of the note: "This note paid and assigned to P. R. Cost without recourse." On May 26, 1939, P. R. Cost instituted this suit in the Circuit Court of Kanawha County, and service of process was obtained on the MacGregors in that county. In the bill of facts above noted are set up, and a claim made by Cost against the MacGregors for two-thirds of the amount paid to the bank, on the theory that the MacGregors were liable for and should be required to contribute their share of the amount so paid on account of said note. The prayer of the bill is "that defendants * * * may be required to contribute to the payment of their proper part of the note and interest herein described * * *" and "* * * further and general relief as to equity may seem meet * * *."

It should be noted that a writ of attachment was sued out and levied on a tract of land situated in Tyler County, West Virginia, and its sale sought under the lien created thereby.

The MacGregors filed their joint plea of the statute of limitations on the theory that a suit on the claim asserted in the bill could not be maintained if instituted more than five years from the date Cost paid the note in question. To this plea, the plaintiff, Cost, interposed a demurrer on the general ground that the claim set up in the bill was one on which suit could be maintained if instituted at any time within ten years from the maturity of said note, on the principle that when Cost paid the note and took the assignment thereof, he became subrogated to all the rights of the holder. The trial court overruled said demurrer, held the plea good, but did not dismiss the action. In view of the decision we feel compelled to make, we quote in full the order carrying into effect the court's decision:

> "This day this cause came on again to be heard upon the bill of complaint filed therein; the answer of the Federal Land Bank of Baltimore, Maryland, a corporation, and the plea of statute of limitations filed by the defendants, K. C. MacGregor and Maybelle MacGregor, and the demurrer of the plaintiff to said plea, the demurrer to said plea of statute of limitations having been inadvertently omitted from the record in this cause, the same is now ordered to be filed; and upon the memoranda filed by counsel for the plaintiff and for the said defendants. Upon consideration of all of which the Court is of the opinion to and doth overrule the demurrer of the plaintiff, P. R. Cost, to said plea of statute of limitations and the Court doth sustain the plea of the statute of limitations, the Court being of the opinion that the contract upon which suit was instituted is one of implication by reason of the relationship of the parties arising from the endorsements of the note involved in said proceeding and that the general limitation of five (5) years under the provisions of the. Official Code of West Virginia, Chapter 55, Article 2, Section

6, doth apply. To which action of the Court in overruling said demurrer and sustaining the plea of statute of limitations the said plaintiff doth object and except."

It will be apparent that the question of whether the order of the trial court quoted above is an appealable one is squarely presented. It is not raised by the parties to this appeal, but this Court being limited in its appellate jurisdiction by statute, Code, 58-5-1, cannot exceed the limits prescribed thereby, even with the consent of the litigants. The order appealed from is plainly not final. The suit was not dismissed. The plaintiff had the right, if he had grounds therefor, to reply to the plea after his demurrer thereto had been overruled; and his right to offer to amend his bill, on the facts alleged, and to assert a case to which the five-year limitation pleaded might not apply was not precluded by the order entered. While we express no opinion as to what the plaintiff might have done, following the overruling of his demurrer, the case was not finally determined thereby, and remained open for such proceedings as the plaintiff might properly take therein. We have found no decision as to the finality of an order entered on a demurrer to a plea, but there are a number of decisions covering cases where a demurrer to a bill was overruled or sustained, holding such an order not final or appealable. *Steenrod's Admr.* v. *W. P. & B. R. R. Co.*, 25 W. Va. 133; *White* v. *C. & O. Railway Co.*, 26 W. Va. 800; *Watson* v. *Wigginton*, 28 W. Va. 533, 553; *Bosworth* v. *Wilson*, 57 W. Va. 80, 49 S. E. 942. In the case last cited it was held "An order merely sustaining a demurrer to a bill in equity, not dismissing the bill, is not appealable." We think the same rule must apply where a demurrer to a plea is overruled, and this being true, the appeal in this cause must be dismissed as improvidently awarded.

*Appeal dismissed as improvidently awarded.*