A. L. LEESON

*v.*

HATTIE SMITH, *et al.*

(No. 10116)

Submitted April 12, 1949. Decided May 3, 1949.

*P. M. Ireland* and *Robert L. Holland,* for appellants.
*P. Douglass Farr,* for appellee.

FOX, JUDGE:

On April 24, 1946, A. L. Leeson instituted his suit in equity against Hattie Smith, H. J. Smith, et al., and presumably, filed his bill in said cause, authough the same is not in the record before us. On May 22, 1946, he filed his amended and supplemental bill, and the case proceeded thereon. Among the defendants named therein were John H. Hoffman, Receiver of the Doddridge County Bank, and T. A. Whelan, Assignee of the Auburn Exchange Bank, and both were served with process and alleged to be judgment creditors of the principal defendants Hattie Smith and H. J. Smith. The amended and supplemental bill alleges that Hattie Smith was the owner of a tract of 1 acre of land on the Long Run of the Midle Fork of Hughes River, and also an undivided 1/7 interest in 3 tracts of land, aggregating 189½ acres, situated in the same community, which she held under descent from her father Eli B. Leeson. The bill also alleges that H. J. Smith, the husband of Hattie Smith, was the owner of the other 6/7 interest in said tract of 189½ acres of land. There is also an allegation that the said Hattie Smith was the owner of an undivided half interest in the oil and gas royalties in a 1/7 interest in a tract of 30¼ and the undivided half interest in 40½ acres of land conveyed by Hattie Smith and H. J. Smith, her husband, to A. L. Leeson by deed dated October 12, 1920.

The case appears to have been referred to Clay D. Hammond, Commissioner in Chancery, although the order of reference is not in the record, for on the 6th day of November, 1946, a decree was entered in the cause confirming a report made by the said Hammond, as such commissioner, in which report the commissioner found said Hattie Smith to be the owner of the tract of 1 acre of land mentioned in the plaintiff's bill; an undivided 1/7 interest in the 189½ acres, likewise described in plaintiff's bill: the 1/6 of 1/7 of the oil and gas in and under the tract of 30¼ acres mentioned in said amended bill; the 1/6 of 1/14 interest of oil and gas in and under the 40½ acre tract referred to in plaintiff's bill; a 1/7 undivided interest in the tract of 30¼ acres and a 1/14 undivided interest in the 40½ acres mentioned in said amended bill; and the inchoate right of dower of Hattie Smith in a 6/7 interest in the tract of 189½ acres which he found was owned by her husband, H. J. Smith. The only debt proven before said commissioner was that of the plaintiff which, with interest, aggregated $497.30, and on the date aforesaid there was a decree in favor of plaintiff for that amount, the same decreed to be a lien first in point of priority on all of the above described real estate, and there was decreed to the plaintiff his costs, and the said real estate decreed to be sold by P. Douglass Farr, special commissioner, or so much thereof as might be necessary to pay the amount so decreed and costs of suit.

On March 11, 1947, the case came on to be heard upon the report of sale made by the special commissioner aforesaid, and it appears therefrom that the tract of 1 acre mentioned in the said decree had been sold by him for the price of $680.00 then paid. The said sale was confirmed, and the special commissioner directed to pay the costs of the suit, and out of the residue of the purchase price to pay the liens proven in the case in their respective amounts and priorities. At the end of the said decree of confirmation, and as a part thereof, the following appears: "Upon motion of T. A. Whelan, Assignee of the Auburn Exchange Bank, it is further ordered that this cause be and it is hereby re-

manded to Rules, for the issuance of process upon the answer in the nature of a crossbill of said T. A. Whelan."

The record discloses that on March 11, 1947, and before the entry of the decree of confirmation aforesaid, T. A. Whelan, Assignee of the Auburn Exchange Bank, tendered and asked leave to file his answer, and his answer in the nature of a cross bill, and that the same was filed. In that answer and cross bill, the said Whelan alleged that on June 27, 1938, he obtained judgment against H. J. Smith and Hattie Smith in the sum of $175.11 and costs; that on July 7, 1938, he caused the same to be docketed in the office of the Clerk of the County Court of Doddridge County; that no execution was issued upon said judgment within a period of two years after the date next thereof, and that the same remained unpaid. The answer then alleges that the defendants, Hattie Smith and H. J. Smith were the owners of the real estate alleged to be owned by them in plaintiff's bill, but stated that no claim was made against the interest of Hattie Smith in the oil and gas in the tract of 189½ acres of land described by reference in said answer, and averred that the 1 acre tract, described in plaintiff's bill, had been sold by P. Douglass Farr, special commissioner. The answer then alleged that subsequent to the date of the recordation of his judgment aforesaid, the defendant, Hattie Smith, had attempted to convey to one Mancil Smith her inchoate right of dower in a tract of 174 acres of land, more or less, situated on the waters of Middle Fork of Hughes River in Doddridge County, and alleged that said conveyance was made by the said Hattie Smith for the purpose of defrauding her creditors, and that the same should be set aside as fraudulent, the same sold and the proceeds applied to payment of her debts; and, further that the real estate of Hattie Smith excluding said dower interest was insufficient to pay defendant's judgment and costs of suit.

To this answer and cross bill Hattie Smith, H. J. Smith and Mancil Smith, on August 5, 1947, tendered their plea in bar, and their demurrer in writing, and moved that the

said plea and demurrer be filed, and the same docketed for hearing, which was done. The demurrer presents the following defenses to the said answer and cross bill: (1) That the same did not set out the objects and purposes of the original bill; (2) that it was not confined to matters presented by the original bill; (3) that it did not allege such rights in T. A. Whelan as would warrant any relief in his favor; and (4) that "A final decree having been made and entered in the original suit, adjudicating all issues therein made by the pleadings filed in due course before the filing of this Answer-Crossbill, the said Answer-Crossbill comes too late. The cause is ended to all proper intents and purposes, and plaintiff to said Crossbill is estopped from further impleading these defendants." The plea in bar presents the following defenses: (1) That the matters presented by the said answer and cross bill were within the purview of the original bill of complaint; and (2) that the matters presented by the said answer and cross bill had been adjudicated by final decree made and entered therein, and that the court was without jurisdiction to make a new adjudication of said matter.

On May 28, 1948, the trial court overruled the said demurrer and plea in bar, and referred the cause, as it then stood, to Clay D. Hammond, Commissioner in Chancery, with directions to report (1) all the real estate owned by the real estate judgment debtors Hattie Smith and H. J. Smith; (2) liens upon said real estate, their amounts and priorities; (3) whether said real estate would in five years rent for a sufficient sum to pay off and discharge the liens against the same and the costs of suit; and (4) on any other pertinent matter, and provided legal notice of any hearing under such order.

On this state of the record, this Court, on November 15, 1948, on the petition of Hattie Smith, H. J. Smith and Mancil Smith, granted this appeal.

It is apparent that two questions are presented on the record before us. First, whether the failure of T. A. Whel-

an, Assignee, etc., to prove his judgment before the commissioner in chancery, prior to the entry of the decree of sale in the original cause, operated as a bar to his asserting the lien of the same against the unsold portion of the real estate of the defendants; and second, whether Whelan's judgment was a lien upon the inchoate right of dower of the defendant, Hattie Smith, in the tract of 174 acres of land described in his answer and cross bill. It might be contended that in overruling the demurrer and plea to the said answer and cross bill, the trial court adjudicated the principle of the cause and, therefore, made the order of reference entered on March 11, 1947, an appealable order. However, this contention is not made the basis of appellants claim that the said order is appealable, their contention being that such order is appealable on the grounds that, notwithstanding the provisions of Code, 38-3-13, dealing with surplus funds, the decree of sale entered in the original suit was a final decree for all purposes. In our judgment, the appellants ignore the fact that there is no attack upon the decree of sale in the original suit, and that the litigation is now prosecuted to subject to sale real estate not sold under such decree. The other question raised is whether the alleged conveyance in fraud of creditors made by Hattie Smith in anywise prejudiced T. A. Whelan, the judgment creditor, depending on whether the lien of his judgment attached to the inchoate right of dower possessed by Hattie Smith.

The order of reference entered in the cause on the said answer and cross bill does not, in our opinion, foreclose any of these questions, nor finally adjudicate the rights of the parties involved. The commissioner was directed to ascertain the real estate owned by the defendants, and with the liens against the same, their amounts and priorities. That necessarily meant to ascertain only such real estate as defendants might own upon which the lien of a judgment could attach. If the commissioner should find that the lien of Whelan's judgment did not attach as against the inchoate right of dower of Hattie Smith then

the conveyance alleged to have been made by her of her inchoate dower interest, even if the same could be made the subject of the conveyance, a question we do not decide, did not prejudice the interests of lien creditors, and especially Whelan. His judgment being of record, if the same be kept alive by revival or otherwise, might attach to said dower when the same became consumate even though it did not attach to the inchoate right.

The order of reference did adjudicate the question of the right of Whelan to assert his judgment after the entry of the decree of sale in the original suit, and to that extent may have adjudicated that principle of law. But that is all that the order did, and it is contended that it was interlocutory and not appealable to this Court. An order of reference is generally considered interlocutory. In *Watson v. Wigginton,* 28 W. Va. 533 (553), it was held that: " * * * an appeal may be taken from an interlocutory order overruling a demurrer, by which the principles of a cause are adjudicated, but not until after a decree has been entered carrying these principles into effect; * * *" That seems to be the uniform trend of our authorities. The question has been before the Court on several occasions. In *Raleigh County Construction Company v. Amere Gas Utilities Company,* 111 W. Va. 459, 163 S.E. 42, this Court said: " * * * It is settled under our decisions that the mere recommittal of a cause to a commissioner is not a final but an interlocutory decree and is not appealable. * * * No payment of money is required by this decree and it contains no hint even of an adjudication of the principles of the cause. * * * " In *Kinkead v. Securo,* 112 W. Va. 671, 166 S.E. 382, it was held: "A decree filing an answer, overruling a demurrer thereto and directing a reference of the cause to a commissioner in chancery, is interlocutory merely, and is not appealable under the statute, Code 1931, ch. 58, art. 5, sec. 1." And in *Cost v. MacGregor,* 123 W. Va. 316, 14 S.E. (2d) 909, it was held that: "In a suit in equity where, upon the filing of the bill, a plea of the statute of limitations, asserted to be applicable, is filed, to which plea the plaintiff in the bill interposes a de-

murrer, an order of the trial court overruling such demurrer, and holding the plea good, but not dismissing the suit, is not appealable to this court."

In view of these decisions, we have concluded that this Court improperly awarded the appeal in this case. Our jurisdiction is limited by Code, 58-5-1, and we are not warranted in entertaining jurisdiction in cases which do not come within the requirements of that section. We should strictly limit our jurisdiction, because even the slightest deviation from the strict requirements of the statute creates precedent for further violations; and even though in the case before us we are tempted to decide the two questions presented to prevent future litigations, we can not properly yield to the temptation presented. We are of the opinion that the order of reference entered on May 28, 1948, was an interlocutory decree which does not adjudicate finally the principles of the cause, and is, therefore, not appealable. It follows that the appeal must be dismissed.

*Appeal dismissed.*