WILLIAM DELARDAS, *who sues, etc.*

*v.*

MORGANTOWN WATER COMMISSION, *et al.*

(No. 12250)

Submitted January 28, 1964.     Decided March 3, 1964.

*Stanley R. Cox., Jr.,* for plaintiff in error.

*Jesse M. Jaco, Mike Magro, Jr.,* for defendants in error.

HAYMOND, PRESIDENT:

This is a writ of error to an order of the Circuit Court of Monongalia County in a mandamus proceeding instituted March 16, 1961, in which the petitioner, William

Delardas, who sues individually and in behalf of Morgantown Citizen's League, seeks a writ to compel the defendants, City of Morgantown and the members of its common council, to hold a special election on the question of sewer fees as required by an ordinance of that city. The petitioner also seeks an order adjudging the ordinance to be null and void and an order prohibiting the defendant Morgantown Water Commission from attempting to collect the sewer fees provided by the ordinance.

The circuit court sustained demurrers to the original petition and the amended petition with leave to file a second amended or supplemental petition which was filed by order entered April 27, 1962. By order entered February 28, 1963, the demurrer of the defendants, City of Morgantown and the members of the council, to the second amended or supplemental petition was sustained but no request for leave to amend was asked or granted. No objection was noted and the order did not dismiss the action. To that order this Court granted this writ of error and supersedeas upon the application of the petitioner, William Delardas, on June 17, 1963.

In January 1960 the City of Morgantown filed an application with the Public Service Commission of West Virginia for a certificate of public convenience and necessity to operate and maintain a municipal sewer system for the collection and disposal of sewage within and also outside the corporate limits of the city and for authority to establish service rates and charges on the basis of 50% of each water bill for service within the city and 80% of each water bill for service outside the city. Pending a hearing in the proceeding before the commission and apparently at its direction, the City of Morgantown, on September 20, 1960, enacted an ordinance relating to maintenance and improvement of a sewer system and the establishment of rates for the users and the collection of such rates. The ordinance set forth a schedule of rates based on the amount of water sold to consumers instead of rates based on percentages, and it contained a provision that it should become effective unless written pro-

tests were made and filed by 10% of the registered voters of the city within 15 days from the last publication of the ordinance. A petition signed by the required percentage of the voters in opposition to the ordinance and demanding a referendum was filed within the prescribed period; and later, on December 30, 1960, the commission entered a final order which granted the requested certificate of convenience and necessity and required the city to file a tariff prescribing the rates as specified in the ordinance. After the entry of the order of the Commission the City of Morgantown decided not to hold an election as provided by the ordinance, and the petitioners instituted this mandamus proceeding in the circuit court on March 16, 1961.

The petitioner asserts that the controlling questions for decision upon this writ of error are (1) Whether the public service commission has authority to enter an order approving a rate ordinance in the absence of an election validating the ordinance as provided in Section 20, Article 4, Chapter 8, Code, 1931, as amended; and (2) whether after approval of the ordinance by the public service commission the voters of the municipality may compel compliance with the election requirement of the foregoing statute.

A preliminary question involving the jurisdiction of this Court to consider and determine the merits of the present proceeding upon this writ of error arises upon the record. If the order of the circuit court entered February 28, 1963, is not a final or an appealable judgment or order the questions presented by the petitioner, William Delardas, can not be determined upon this writ of error and it must be dismissed as improvidently awarded.

As already indicated the last order of the circuit court, which is the order entered February 28, 1963, merely sustained the demurrer of certain defendants. It did not grant or refuse leave to amend the second amended or supplemental petition and it did not dismiss the action.

The jurisdiction of this Court to consider and determine cases on appeal from or writ of error or supersedeas to

a judgment, decree or order of a circuit court is regulated and limited by the provisions of Section 1, Article 5, Chapter 58, Code, 1931. *In re: Boggs' Estate,* 135 W. Va. 288, 63 S. E. 2d 497; *State v. Davidson,* 134 W. Va. 328, 59 S. E. 2d 469; *Leeson v. Smith,* 132 W. Va. 715, 53 S. E. 2d 412; *Cost v. MacGregor,* 123 W. Va. 316, 14 S. E. 2d 909. Though not raised by any of the parties to this controversy, the question, being jurisdictional in character, will be considered by this Court on its own motion at any time during the pendency of the controversy. *In re: Boggs' Estate,* 135 W. Va. 288, 63 S. E. 2d 497; *Leeson v. Smith,* 132 W. Va. 715, 53 S. E. 2d 412; *Blosser v. State Compensation Commissioner,* 132 W. Va. 112, 51 S. E. 2d 71; *Whited v. State Compensation Commissioner,* 131 W. Va. 646, 49 S. E. 2d 838; *Gapp v. Gapp,* 126 W. Va. 874, 30 S. E. 2d 530; *Dawson v. Dawson,* 123 W. Va. 380, 15 S. E. 2d 156; *Cost v. MacGregor,* 123 W. Va. 316, 14 S. E. 2d 909; *Charleston Apartments Corporation v. Appalachian Electric Power Company,* 118 W. Va. 694, 192 S. E. 294; *Arnold v. Mylius,* 87 W. Va. 727, 105 S. E. 920; *Buskirk v. Ragland,* 65 W. Va. 749, 65 S. E. 101; *Thompson v. Adams,* 60 W. Va. 463, 55 S. E. 668; *Cresap v. Kemble,* 26 W. Va. 603; *Kemble v. Cresap,* 26 W. Va. 603.

Paragraph (a), Section 1, Article 5, Chapter 58, Code, 1931, deals with civil cases in which the matter in controversy, exclusive of costs, is of greater value or amount than $100.00 and in which there is a final judgment, decree or order. Other paragraphs of the same section relate to and authorize an appeal from or a writ of error to a judgment, decree or order which is not final in character. Also if that order is an interlocutory order, as distinguished from a final order, it is obvious that it is not an appealable order under any of the various provisions of paragraphs (b), (c), (d), (e), (f), (g), (h) or (i) of Section 1, some of which make appealable such interlocutory orders as those which quash an attachment or grant a new trial. It is equally clear that, the order, which merely sustained the demurrer and did not dismiss the action, is not a final order from which an appeal or a writ of error will lie. Inasmuch as the order did not dis-

miss the action the action in legal effect is still pending and undetermined in the circuit court. A judgment or an order which merely sustains a demurrer to a pleading of a plaintiff but which does not dismiss the action is not a final judgment or order. *Gaymont Fuel Company* v. *Price,* 138 W. Va. 930, 79 S. E. 2d 96; *Cost* v. *MacGregor,* 123 W. Va. 316, 14 S. E. 2d 909; *Staud* v. *Sill,* 114 W. Va. 208, 171 S. E. 428; *Garrett* v. *Garrett,* 91 W. Va. 243, 112 S. E. 494; *Pittsburgh and West Virginia Gas Company* v. *Shreve,* 90 W. Va. 277, 110 S. E. 714; *Heater* v. *Lloyd,* 85 W. Va. 570, 102 S. E. 228; *Gulland* v. *Gulland,* 81 W. Va. 487, 94 S. E. 943; *Bosworth* v. *Wilson,* 57 W. Va. 80, 49 S. E. 942; *Riley* v. *Jarvis,* 43 W. Va. 43, 26 S. E. 366; *White* v. *Chesapeake and Ohio Railway Company,* 26 W. Va. 800; *Buehler, Bonbright and Company* v. *Cheuvront and Company,* 15 W. Va. 479; 1 Michie's Jurisprudence, Appeal and Error, Section 72. See also *Leeson* v. *Smith,* 132 W. Va. 715, 53 S. E. 2d 412; *Kinkead* v. *Securo,* 112 W. Va. 671, 166 S. E. 382; *Kirk* v. *The Camden Interstate Railway Company,* 66 W. Va. 486, 66 S. E. 683; *Ritchie County Bank* v. *County Court of Ritchie County,* 65 W. Va. 208, 63 S. E. 1098; *Simmons* v. *Simmons,* 56 W. Va. 65, 48 S. E. 833, 107 Am. St. Rep. 890, 3 Ann. Cas. 184; *Parsons* v. *Snider,* 42 W. Va. 517, 26 S. E. 285; *Watson* v. *Wigginton,* 28 W. Va. 533; *Steenrod's Adm'r.* v. *Wheeling, Pittsburgh and Baltimore Railroad Company,* 25 W. Va. 133. In *Bosworth* v. *Wilson,* 57 W. Va. 80, 49 S. E. 942, this Court held in the syllabus that "An order merely sustaining a demurrer to a bill in equity, not dismissing the bill, is not appealable." As the order entered February 28, 1963, is not a final judgment or order but is an interlocutory order which is not made appealable by statute, this Court is without jurisdiction to determine the merits of this case upon the present writ of error. Should this Court entertain this writ of error it would act in excess of its jurisdiction; and this it will not do. *Leeson* v. *Smith,* 132 W. Va. 715, 53 S. E. 2d 412; *Baker* v. *Gaskins,* 124 W. Va. 69, 19 S. E. 2d 92; *Cost* v. *MacGregor,* 123 W. Va. 316, 14 S. E. 2d 909. A judgment or an order of a circuit court which sustains a demurrer to a petition in a mandamus pro-

ceeding but which does not dismiss the proceeding is not a final or an appealable judgment or order, and a writ of error to such judgment or order will be dismissed by this Court as improvidently awarded.

It is pertinent to observe that the writ issued upon the application of the petitioner for review of the order entered February 28, 1963, is a writ of error as distinguished from an appeal. By virtue of Rule 81 (a) (5) of the Rules of Civil Procedure, those rules do not apply to proceedings in mandamus, prohibition, certiorari, habeas corpus, quo warranto, and an information in the nature of quo warranto, and the procedure in effect before the adoption of the rules applies. That procedure for an appellate review of a judgment in a mandamus proceeding was by writ of error as distinguished from an appeal. For that reason the writ issued upon the application of the petitioner is a writ of error and for the reasons stated that writ must be dismissed as improvidently awarded.

*Writ of error dismissed as improvidently awarded.*